Smith v. Smith.

*6. PRACTICE in equity: intervention: judgment.*

With this modification, the judgment of the court below is

AFFIRMED.

## SMITH v. SMITH.

1. **Divorce**: TEMPORARY ALIMONY: EVIDENCE OF MARRIAGE. In an action for divorce, temporary alimony should not be allowed unless the marriage is proved or admitted; but where the testimony of the parties *pro* and *con*, as to the marriage, is in equipoise, and a disinterested witness testifies that he knows the parties and was present at the marriage, this sufficiently establishes their marriage to justify an order for temporary alimony.

2. ———: ALIMONY: ATTACHMENT. Section 2227 of the Code, and other sections of the same chapter, contain the only provisions relating to attachments in divorce cases; and the plaintiff in this case having presented a petition complying with said provisions of the Code, the court did not err in granting her a writ of attachment without a bond.

*Appeal from Adair District Court.*

THURSDAY, JUNE 7.

ACTION FOR A DIVORCE. The district court, upon plaintiff's application, ordered defendant to pay for her use $150 as temporary alimony, and overruled a motion made by defend-

ant to dissolve an attachment against his property, issued in the case. From these decisions defendant appeals.

*Gow & Hager*, for appellant.

*Fogg, Long & Neal*, for appellee.

BECK, J. —I. Plaintiff alleges in her petition that she was married to defendant in 1851, in County Caven, Ireland, and that, in 1864, he left their home for America, with the purpose, as he avowed, of earning money with which to pay the rent of the land upon which they lived. Plaintiff alleges that she received a letter from defendant while he was on the way to this country, and another soon after his arrival, but no other communication from him after he abandoned her; that he became a resident of Adair county several years ago, and has accumulated property of the value of $5,000 or $10,000; that he has for years past lived and is now living in adulterous relations with a woman whom he represents to be his wife, and that plaintiff believes he will, unless his property be seized upon attachment, remove and dispose of it, so that it cannot be taken upon legal process. She shows that she is wholly unable to give an attachment bond. She prays that a writ of attachment issue against defendant's property, and upon the final hearing, a decree be rendered, divorcing her from defendant, and allowing her $3,000 as alimony. The petition was presented to the judge of the district court, who allowed an attachment without a bond, as prayed for by plaintiff. Certain real and personal property of defendant was seized upon the attachment issued under this order. The defendant answered plaintiff's petition, denying generally all the allegations. The plaintiff made application for temporary alimony, showing that she was without property or means, and that it required all her earnings to provide for her present support. She shows that defendant owns real estate worth $4,000 or $6,000, and personal property worth from $3,000 to $5,000. She shows that unless she receives

temporary alimony she will, for the want of money, be compelled to abandon her action. She files her own affidavit showing the date and place of her marriage with defendant, which is accompained by the affidavit of a witness, who testifies that he knew the parties and was present at their marriage, and that the defendant is the identical James Smith who was married to plaintiff.

II. The court allowed plaintiff temporary alimony to the amount of $150. This order is complained of on the ground that it was not authorized, in the absence of proof that the parties were married. It is a rule recognized by this court that such an allowance ought not to be made, unless the marriage of the parties is proved or admitted. *York v. York*, 34 Iowa, 530; *McFarland v. McFarland*, 51 Iowa, 565.

In this case the marriage relations of the parties is etablished by the preponderance of the evidence. Plaintiff, in her petition and affidavit supporting her application for alimony, states the marriage as a fact; defendant, in his answer and his affidavit resisting plaintiff's application, denies the marriage. He alleges in his affidavit that he never saw plaintiff until after the commencement of this action. A disinterested witness testifies that he knows the parties and was present at their marriage. This proof establishes the marriage of the parties, and the court was justified, under the rule above stated, in allowing plaintiff alimony on the ground of the existing marriage between the parties.

III. The defendant moved the court to dissolve the attachment on the ground that it was issued contrary to law, the petition showing no facts authorizing it.

Code, § 2227 provides that in actions for divorce "the petition may be presented to the court or judge for the allowance of an order of attachment, and said court or judge may, by indorsement thereon, direct such attachment, and the amount for which the same may issue, and the amount of the bond, if any, that shall be given, and the clerk shall issue the same accordingly."

The preceding provisions prescribe the facts that shall be alleged and shown in the petition. The section quoted contemplates such a petition, showing the facts and containing the allegations, as required in these provisions. It provides that the writ may issue without a bond, contemplating a proper showing therefor. The petition of plaintiff complies with the requirements of the Code relating to an action for divorce, and the showing therein made was sufficient to authorize the court to dispense with the bond.

The counsel for defendant contends that other provisions of the Code relating to attachments in civil actions are applicable to this case, and that these directions should have been followed by plaintiff. The position is not correct. The section of the Code above quoted, and others of the same chapter, contain the only provisions relating to attachments in divorce cases.

The foregoing considerations dispose of all questions in the case. The judgment of the district court must be

AFFIRMED.