## BARDIN v. BARDIN.

1. Alimony or allowance for expenses will not be allowed in an action for divorce by one claiming to be a wife when marriage in fact is denied by the answer, until the existence of the marital relation is presump-

tively proven to the satisfaction of the court, or is admitted. The court is not limited to the allegations of the complaint and the denials of the answer. If other legitimate proofs are submitted, which make out, in the judgment of the court, a fair presumption of the fact of marriage, it has the power to make the allowance.

2. For the purpose of temporary alimony it is not necessary that the fact of marriage be so conclusively established as will be required for permanent alimony, or other ultimate purposes of the action. If the alleged wife makes out a reasonably plain case of the existence of the marital relation, she shall be furnished with the means of temporary support and of conducting the suit, until the truth or falsity of her allegations can be ascertained by the proofs taken in the case.

(Syllabus by the Court. Opinion filed Nov. 24, 1893.)

Appeal from circuit court, Brule county. Hon. D. HANEY, Judge.

Action for divorce by Della Bardin against Lyman D. Bardin. From an order granting alimony *pendente lite,* defendant appeals. Affirmed.

*James Brown,* for appellant.

The right to alimony and counsel fees results from the marital relations, and the existence of such relation between the parties must be admitted or proved before there can be a decree for it even *pendente lite.* Bish. Mar. & Div. (3d Ed.) 570; York v. York, 34 Ia. 530; Appleton v. Warner, 51 Barb. 270; Freeman v. Freeman, 23 A. 113; Collins v. Collins, 71 N. Y. 269. No presumption of law arises as to the dissolution of a former marriage, from the fact of a second marriage being contracted by one of the parties during the life of the other. Ellis v. Ellis, 13 N. W. 65; Williams v. Williams, 23 N. W. 110; Gilman v. Sheets, 43 N. W. 299. No presumption of her former husband's death arises from the fact that the plaintiff had not heard from him for over seven years. Rex v. Inhabitants of Harbance, 2 A. & E. 540; Whart. Ev. § 1277.

*A. L. Hoppaugh* and *W. A. Porter,* for respondent.

There being no counter-claim pleaded against the plaintiff in the answer of the defendant, she was not bound to reply,

and her failure to reply was not an admission of the new matter alleged in the answer.    Secs. 4918, 49, 9, Comp. Laws; 2 Wait's Prac. 430; Bliss Code Plead. § 367.

If the celebration of a marriage is alleged and proved the validity of the marriage is presumed.    Wilkie v. Collins, 48 Miss. 496; Caryville v. Ferris, 26 Barb. 177; Blanchard v. Lambert, 43 Ia. 228; Carroll v. Carroll, 20 Tex. 731; Coal Co. v. Jones, 127 Ill. 379; Boulden v. McIntyre, 119 Ind. 574; *In re* Estate of Edwards, 58 Ia. 431.

The fact that the plaintiff had been married before, and that her former husband was alive at the time of her marriage to defendant is not inconsistent with a valid marriage to defendant.    The provisions of Sec. 2539, Comp. Laws, render a marriage contracted during the life of a former husband or wife void only unless such former husband or wife was absent and not known to such person to be living for five successive years preceding the subsequent marriage.    The marriage under such circumstances is not void *ab initio*, but only from the date of the decree annulling it.    1 Bish. Mar. & Div. § 283; Coopsey v. McKinney, 30 Barb. 47; Jackson v. Jackson, 29 Pac. 957; Griffin v. Banks, 24 How. Pr. 213; Gall v. Gall, 21 N. E. 106.

The court had the power to make the order appealed from. Lea v. Lea, 104 N. C. 603; Brown v. Brown, Bradw. 445; Allen v. Allen, 59 How. Pr. 75; North v. North, 43 Am. Dec. 778.

BENNETT, P. J.    This is an appeal from an order, granting temporary alimony and expense money, *pendente lite*, in an action for a divorce, brought by respondent against appellant. The complaint in that action alleges that the parties were married in the city of Albany, N. Y., on the 14th day of July, 1889, and that they have ever since been husband and wife.    The defendant, in his answer, denies that he was at that time, or at any other time, legally married to the plaintiff.    He admits that a marriage ceremony was performed at the time and place as alleged in the complaint, but avers at that time, and ever

since, the plaintiff had another husband living, and that her marriage with such former husband was in force at the time of her alleged marriage with the defendant. To this allegation there is no reply. The issue presented upon the motion and by the appeal relates to the existence of the marital relation. Unless the relation can be shown to· exist, the granting of alimony and expense money was wrong, as that is the very foundation upon which such an order can rest. If it were not so, "every man," as Chancellor Zabriskie said in Vreeland v. Vreeland, 18 N. J. Eq. 43, "might be made to pay the expense of any woman who claimed him as her husband, and sues for maintenance, and to support her as long as the suit could be spun out." But in a motion of this ·kind it may be very pertinently asked to what extent the relation must be shown before temporary alimony and expense money *pendente lite* can be granted. Must it be conclusive? Be beyond a doubt? Or is it sufficient for the alleged wife to show that at the time the marriage ceremony was performed she was acting in the *bona fide* belief that she was competent to enter into the marriage contract, and that the facts and circumstances were such, at that time, as would *prima facie* show a valid marriage? In our judgment, the court of appeals of New York has laid down the correct rule on this subject in the case of Brinkley v. Brinkley, 50 N. Y. 194, and it is thus stated by JUDGE FOLGER: "In application for temporary alimony, * * * although there may be in the answer a general denial of the existence at any time of the marital relation, the court has the power, from affidavits and other papers presented to it, to pass upon the question for the purposes of the application, and it is not bound down to the allegation of the complaint and the denial of the answer, if other papers or proofs are submitted to it; and though the denial of the answer if standing alone, would bring the case within the rule that, when no marital relation is admitted or proven, there is no right to alimony, yet, if the matters contained in other papers, or shown by legitimate proofs before the court, make out,

in the judgment of the court, a fair presumption of the fact of marriage, it has the power to grant alimony pending the action and expense of the action." This rule was reiterated in Collins v. Collins, 71 N. Y. 273, where it was said: "When, in answer to the allegation of marriage, facts are stated showing that the applicant was not competent to contract such marriage, and did not become a wife, such facts should be denied, or explained to the satisfaction of the court;" and again asserted in this opinion "that it was not necessary that the marriage be established as conclusively as it would be required for the ultimate purpose of the action, but the plaintiff must make out a reasonably plain case of the existence of the marital relation, and she would then be furnished with the means of temporary support and of conducting the suit, until the truth or falsity of the allegations could be ascertained." Taking the above rule as applicable to the case at bar, what are the facts as shown by the pleadings and the affidavits read upon the hearing of the motion? Here the defendant admits the fact of a marriage ceremony being performed, but alleges that it was invalid, because, as he undertakes to prove, the plaintiff, at the time of her marriage to him, had a husband living. She swears that, while she admits a former marriage, she had reason to believe, and did believe that her former husband was dead at the time she married the defendant; that she was married on the 17th day of February, 1877, to one Lewis Osborn; that she only lived and cohabited with him as husband and wife for the space of six months, when said Osborn absented himself from her, and they ceased to live and cohabit together, and he left, and she lost all trace of him since 1878, and had no knowledge of him or his whereabouts, or that he was living. Nor has she been able to find any person who has seen or known of his whereabouts, or that he was still living; and that she has at various times made diligent search and inquiry to find the said Osborn, and has employed people to make search for him; but all her efforts were unsuccessful, and from the circumstances she verily believed that said Osborn had

been dead for years. Still the defendant produced affidavits showing quite conclusively that the said Osborn was still alive. Yet, does this fact militate against the presumption of the death of Osborn, or the belief of the plaintiff that he was dead, at the time of entering into the marriage contract with the defendant? The facts upon which she predicates her belief are not controverted, namely, that her former husband absented himself from her in the year 1878, and left the place of their former abode; that she by reason of this absence, lost all trace of him; that she had no knowledge of his whereabouts, or where he was living, or that she had made personal diligent search for him, and also employed other persons to do so, but was unable to hear from him for the space of more then 10 years, and verily believed him to be dead. These uncontroverted facts raise a violent presumption of such death, and one upon which the plaintiff could with some degree of certainty act. The rule as to the presumption of death is that it arises from the absence of the person from his domicile, without being heard from for seven years. For an exhaustive review of the authorities sustaining this presumption, see the opinion of Mr. Justice HARLAN, in Davie v. Briggs, 97 U. S. 628; and for an elaborate discussion of the principles underlying this presumption, see the opinion of Chief Justice JOHNSON in Ruloff v. People, 18 N. Y. 179. It is unnecessary to repeat them here. Here the plaintiff swears that she had reason to believe, and still believes, that her husband was then dead. To adjudge this matter upon *ex parte* affidavits, and that on the issue that the defendant will succeed in the action for divorce, and withhold from the plaintiff the means of resisting the attack, would to a certain entent be a prejudgment adverse to her on the merits without lawful evidence, the consequence of which might, and probably would, be that she would be unable to properly prosecute her suit. A good and sufficient action might be prevented, as the plaintiff appears to be penniless, and, unless the court provides her with the means of pros-

ecution, she will be unable to proceed further with her suit.

It is further contended that the allegation contained in the answer that the marriage between Lewis Osborn and plaintiff is yet valid and existing, and is now in force, and that plaintiff knew at the time of her marriage to the defendant that the marriage between herself and said Lewis Osborn was existing and in force, is a well-pleaded counter-claim, to which the plaintiff was bound to reply; and failure to do so was an admission of the facts alleged. Admit this to be true, yet what are the facts admitted? First, her former marriage; and, second, that her former husband is alive. Both of these allegations are not entirely inconsistent with a valid marriage to defendant. In any event, the marriage of plaintiff to defendant does not appear from defendant's answer to be void, but voidable.

Section 2239, Comp. Laws, provides that a subsequent marriage contracted by any person during the life of a former husband or wife of such person is illegal and void from the beginning, unless such former husband or wife was absent, and not known to such person to be living, for the space of five successive years immediately preceding such subsequent marriage. Then granting there was such former marriage, that plaintiff's former husband is alive, and that no divorce has been granted her, still the marriage under the above statute, may be valid. This depends upon the knowledge of the plaintiff of that fact. Her affidavit shows she had no such knowledge, which the rule which we have invoked from New York says may controvert the allegation in the pleading. This affidavit is not overturned by other facts or circumstances which would establish its falsity or untruthfulness, so far as the bona fides of the plaintiff is concerned. Therefore, in either view of the case, from the pleadings and facts as shown by the affidavits, we are of the opinion that the court below did not err in granting the temporary alimony and counsel fees in the case.

The defendant further contends that, if the statute and facts in the case warranted temporary alimony, the allowance

made by the court was excessive and unnecessary. Upon this appeal we can only consider the question whether the plaintiff has made out a case which, according to established principles of law, authorized the court to make an order granting temporary alimony and expense money *pendente lite*. If so the amount was in the discretion of the court, and, unless that discretion has been abused, it will not be reviewed. In our opinion the amount allowed for maintenance or for counsel fees was not excessive. The order of the court below is in all things affirmed.