E. L. J. BANKS, APPELLANT, VS.  EMMA BANKS, APPELLEE.

The only foundation for an order for alimony, suit money, and counsel fees *pendente lite* is the fact of marriage between the parties; and where, at a hearing for such order upon bill filed by the alleged wife, there is no proof of the marriage or living together as husband and wife, except the allegations of an unsworn bill of complaint, while the defendant by affidavit specifically denies under oath that he was ever married to complainant, and that he ever lived with her as his wife, the court is not justified in making any order for alimony, suit money, and counsel fees *pendente lite*, or for the appointment of a master to ascertain and report sums of money to be allowed for those purposes, with power to take testimony in the premises.

Appeal from the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the Court.

*Walker & L'Engle*, for Appellants.

*Thos. A. Ledwith*, for Appellee.

PER CURIAM:

On October 15, 1895, appellee filed her bill of complaint against appellant in the Circuit Court of Duval county, alleging that both parties were residents of Jacksonville, Duval county, Florida; that they were married on November 9th, 1885; that they had lived together as huband and wife from said date until a day unnamed in the year 1892; that upon said day in the year 1892 appellant deserted appellee; that he had therefrom the date of filing the bill willfully, obstinately and continuously deserted her, she being faultless; that appellant was well off and appellee was very poor. The bill further set forth by particular description certain parcels of real estate in Jacksonville alleged to belong to appellant; alleged that certain parts of the real estate were improved; that appellant received certain monthly rentals therefrom; that he was capable of earning and did earn a certain sum per month as wages; that he was mentally and physically strong, while appellee was a weak woman and not qualified to earn more than a living, and that appellant had not during the time he had deserted her contributed to her support. The bill prayed for process; for answer under oath; for the appointment of an examiner to ascertain appellant's faculties; that alimony *pendente lite*, suit money and counsel fees be allowed her; that in due course permanent alimony be granted to her, and for her general relief.

On October 25, 1895, the cause came on for hear-

ing upon motion of appellee for an order for temporary alimony, counsel fees and suit money pending the case, and appellant filed his affidavit in which he denied that he was married to appellee on November 9th, 1885, and alleged that he never was married to her; that he never did live with her as alleged in the bill, and that he had not deserted her. Appellant also denied by said affidavit that he was well off, and averred that he was poor, admitted that he owned the propery described, but alleged that it was heavily mortgaged and then in danger of foreclosure; that he rarely ever collected more than half of the amount of rent alleged; admitted that he earned on an average about fifty dollars per month, but alleged that in addition to his own necessities he was compelled to provide for three children dependent upon him; alleged that fifty dollars per month was barely sufficient, under ordinary circumstances, to provide the necessities of life for all of said persons; denied that he was physically strong; alleged that in March, 1895, while at work on the streets of Jacksonville, he was severly injured by being trampled upon by a runaway horse; that he had been put to and was still undergoing great expense in reference to said injury; that he was fifty-six years of age, and had lost the sight of one eye; alleged that appellee was a well educated, bright, intelligent woman, physically strong enough to earn her own living with no one dependent on her; that since January, 1892, she had occupied without expense, one of his places where she had a good comfortable house and surroundings and that her proper name was Emma Robinson, and not Emma Banks. The allegations of the bill were not sworn to, nor were any affidavits or other evidence offered in behalf of appellee at the hearing of her motion referred to.

On October 25, 1895, the court made an order which, after reciting that the cause came on to be heard upon motion of the solicitor for complainant for the appointment of a special master to take testimony as to the ability of the defendant to pay alimony *pendente lite*, suit money and a reasonable sum of money to complainant's solicitor for services in the cause, and that it appeared to the court from an examination of the pleadings on file that the bill of complaint had been duly filed and that notice of the hearing had been served on defendant's counsel, appointed C. B. Smith, Esq., special master to take testimony in said cause in the premises and report to the court with due speed a sum of money to be paid by defendant to complainant as alimony *pendente lite*, a sum of money to be paid as suit money to enable the complainant to prosecute the cause to a just determination, and a reasonable sum of money to be paid complainant's solicitor for services in the cause. From this order this appeal was entered and the assignments of error contend that the court erred in making said order.

It will be observed that upon the hearing in the court below no evidence was offered in support of the allegations of the bill that appellant and appellee were married and that they had lived together as husband and wife, while the appellant's affidavit expressly denied the truth of each of those allegations. The only foundation for an order for alimony, suit money and counsel fees *pendente lite* is the fact of marriage between the parties, and where, as in this case, there is no proof of the marriage or living together as husband and wife except the allegations of an unsworn bill of complaint, while the defendant by affidavit specifically denies under oath that he was ever married to the complainant, and that

he ever lived with her as his wife, the court is not justified in making any order for alimony, suit money and counsel fees *pendente lite*. 2 Bishop Marriage, Div. & Sep. § 924; Vreeland v. Vreeland, 18 N. J. Eq. 43; Brinkley v. Brinkley, 50 N. Y. 184, S. C. 10 Am. Rep. 460; Smith v. Smith, 61 Iowa, 138, 15 N. W. Rep. 867; Collins v. Collins, 80 N. Y. 1; Bardin v Bardin, 4 South Dakota, 305, 56 N. W. Rep. 1069. It is true that the order complained of does not in terms grant alimony, suit money and counsel fees *pendente lite*, but it does appoint a master to ascertain and report sums of money to be allowed for those purposes, with power to take testimony in the premises. In the absence of a sufficient showing to authorize the court to award alimony, suit money and counsel fees *pendente lite*, the appointment of a master with the powers here conferred is premature.

The order appealed from is reversed, and the cause remanded for further proceedings.