WILLIAM M. CARSON, *Appellant*, v. ELMA S. OLDFIELD, *Appellee.*

Division B.

Opinion filed April 21, 1930.

*C. B. Peeler, W. M. Archibald* and *W. J. Sears,* for Appellant;

*Daniel & Boggs,* as *Amici Curiae.*

BUFORD, J.—In 1921 the appellee, then the wife of the appellant, filed suit for divorce in which she prayed for the annulment of the bonds of matrimony and to be awarded the custody of certain minor children and that the husband be decreed to pay reasonable amounts monthly for the support of the children. She did not pray for suit money, alimony or attorney's fees. The result of the suit was that an absolute divorce was granted and the following was decreed:

"It is further ordered, adjudged and decreed by the court that the complainant have the care, custody, control and education of said children, to-wit: Cynthia Carson and Jane W. Carson, without any interference on the part of the defendant, until the further order of this court, but that said defendant shall have the right to see and visit said children at reasonable times.

"It is further ordered, adjudged and decreed by the court that the defendant, until further order of this court, pay to the complainant the sum of One Hundred ($100.00) Dollars per month for the care, support maintenance, education, medical expenses and general expenses of said children.

"It is further ordered that the defendant pay the costs of this suit."

On November 4th, 1926, the defendant, appellant here, filed a petition for modification of that part of the decree above quoted. The decree of absolute divorce had long before that time become forever fixed and by the terms of that decree there was no duty or responsibility resting upon the appellant to provide in any manner for the sup-

port, maintenance, wants or needs of the appellee. Both parties had remarried and neither owed any duty to the other greater than that which existed as between any other members of society. On December 9th appellee filed her answer and cross petition in which she prayed:

"1. That the petition of the petitioner, W. W. Carson, be denied, and that this respondent and cross-petitioner be dismissed from the rule of the court issuing upon said petition, and your respondent further prays that the petitioner, W. W. Carson, be ordered and decreed to pay the expenses of this suit for solicitor's fees and court costs, etc.

"2. That pending final disposition of said petition and this answer and cross-petition the order and rule made and issued upon said petition be modified so as to give this respondent and cross-petitioner the right and privilege of visiting the said minor children and having said children visit her in the City of Jacksonville, Florida, at such time and upon such conditions as the court shall deem reasonable.

"3. That your respondent and cross-petitioner may have such other and further relief in the premises as to your honor may seem meet and agreeable to equity."

On April 13th, 1927, the appellee filed another petition in which she prayed for an order requiring the appellant to pay her such amount as might be found by the court as reasonable and proper as court costs and solicitor's fees to enable her to prosecute her defense to the allegations contained in the appellant's petition. The appellant filed objections to the petition thus filed by the appellee and the same coming on to be heard the court, amongst other things, made the following order:

"IT IS ORDERED, ADJUDGED AND DE-CREED by this court that said objections of William W. Carson, filed herein Aug. 16, 1927, to the entry of order of reference appointing special master to take the testimony as to counsel fees and suit money to be allowed her in this suit upon her petition filed herein April 13th, 1927, be, and the same are hereby overruled."

Thereafter, the court made a further order, as follows:

"This cause coming on this day upon the application of the respondent by her solicitors for the appointment of a special master to take the testimony upon the issues raised by the petition of the respondent, filed in this cause on the 13th day of April, 1927, and the answer of W. W. Carson thereto as filed in this cause on the 6th day of June, 1927, and the court being fully advised in the premises, it is, thereupon

"ORDERED, ADJUDGED AND DECREED that W. W. Liddell, a practicing solicitor of this court, be and he is hereby appointed special master herein to take the testimony upon the issues raised by the said petition, and the answer thereto and to report the same to this court with his findings and recommendations. It is further ordered that the said testimony be taken within sixty days from this date and that the parties be allowed five days only from the date of the filing of the special master's report in which to except thereto."

Appeal was taken from the order overruling and denying the objections filed by appellant and the order appointing a special master to take the testimony last above quoted.

The assignments of error are based on these two orders.

The order overruling and denying the objections, together with the order appointing the special master to take the testimony, constituted in effect a holding by the chancellor that it was proper under existing conditions for the court to determine what amount should be paid by the appellant to the appellee for suit money and solicitor's fees and to require the appellant to pay such amount when so ascertained.

The appellee's claim of right is based upon Section 3195, Rev. Gen. Stats., which is as follows:

"In every decree of divorce in a suit by the wife, the court shall make such orders touching the maintenance, alimony and suit money of the wife, or any allowance to be made to her, and if any, the security to be given for the same, as from the circumstances of the parties and nature of the case may be fit, equitable and just; but no alimony shall be granted to an adulterous wife."

In this case the wife does not appear praying for an order for maintenance, alimony and suit money or for any allowance to be made to her in a decree for divorce, but she comes after a decree of divorce has long since become absolute; after both she and her former husband from whom she was divorced have each married other persons, she comes by petition praying for an order of court requiring her former husband, from whom she is divorced, to pay to her suit money and solicitor's fees, that she may defend the charges presented by him in a petition for modification of the decree with reference to the care and custody of the minor children only, and which charges and allegations are based upon facts and conditions alleged to have occurred and had their existence after the decree of divorce had become absolute.

Counsel for appellees rely largely upon the opinion of this Court in the case of Prine v. Prine, 36 Fla. 676, 18 So. R. 781.

That case is clearly distinguishable from the one at bar. In the Prine case it was said:

"In a suit brought by a husband against a putative wife to annul the marriage relation, and the fact of marriage is *prima facie* established, and the husband has means wherewith to live and to litigate, and the wife is destitute, the husband must furnish the wife the means of subsistence while the suit is pending and to enable her to maintain her defense. The allowance in such a case upon proper showing of temporary alimony, counsel fees and suit money to the wife while the suit is pending in the appellate court is not an exercise of original jurisdiction, but is essential to the proper and impartial administration of justice in the exercise of appellate jurisdiction."

Therefore, we see that in that case the fact of the relation of husband and wife existing at the time was *prima facie* established and, therefore, the law cast upon the putative husband the duty of providing the necessities of the putative wife at long at least as *prima facie* the marital relation existed between them.

In Banks v. Banks, 42 Fla. 362, 29 So. R. 318, this Court say:

"The only foundation for an order for alimony, suit money and counsel fees *pendente lite* is the fact of marriage between the parties, and where, as in this case, there is no proof of the marriage or living together as husband and wife except the allegations of an unsworn bill of complaint, while the defendant by af-

fidavit specifically denies under oath that he was ever married to the complainant, and that he ever lived with her as his wife, the court is not justified in making any order for alimony, suit money and counsel fees *pendente lite*. 2 Bishop Marriage, Div. & Sep. No. 924; Vreeland v. Vreeland, 18 N. J. Eq. 43; Brinkley v. Brinkley, 50 N. Y. 184, S. C. 10 Am. R. 460; Smith v. Smith, 61 Iowa 138, 15 N. W. R. 867; Collins v. Collins, 80 N. Y. 1; Bardin v. Bardin, 4 South Dakota 305, 56 N. W. R. 1069. It is true that the order complained of does not in terms grant alimony, suit money and counsel fees *pendente lite* but it does appoint a master to ascertain and report sums of money to be allowed for those purposes, with power to take testimony in the premises. In the absence of a sufficient showing to authorize the court to award alimony, suit money and counsel fees *pendente lite,* the appointment of a master with the powers here conferred is premature."

The enunciation in the case of Banks v. Banks, *supra,* was approved in Wood v. Wood, 56 Fla. 882, 47 So. R. 560.

In Arendall, Jr., v. Arendall, 61 Fla. 496, 54 So. R. 957, the Court say:

"We have held that 'the only foundation for an order for alimony suit money and counsel fees *pendente lite,* is the fact of marriage between the parties,' Banks v. Banks, 42 Fla. 362, 29 So. R. 318. We have also held that 'in suits for alimony the marriage relation between the parties should in general be made to appear at least *prima facie* by proof or admission before a reference to a master is made for the purpose of taking testimony as to alimony, suit money and counsel fees, because if the marital relation does not

exist the defendant is not liable.' Wood v. Wood, *supra*. We cited Fountain v. Fountain, 80 Ark. 481, 97 So. W. R. 656, to which we would again refer. See especially the instructive note thereto in 10 Amer. & Eng. Ann. Cas. 557.''

And this enunciation was again approved in Chaves v. Chaves, 79 Fla. 602, 84 So. R. 672.

So it would appear that this Court is committed to the holding that the right to a decree for suit money, alimony and solicitor's fees exists only when the marriage relation between the parties is at least *prima facie* established.

It is contended in this case, however, that this application comes as a part of the original suit for divorce. We can not concur in this view. The divorce was established by the decree and the decree became absolute by operation of time. Conditions changed. The former husband made application for modification of that part only of the decree which related to the care and maintenance of the minor children and set up in his petition for such modification certain facts and circumstances which he alleged had come to exist since the rendition of the decree in that regard. The pleadings filed by the former wife admit the non-existence of the marriage relation; they admit the validity of the decree of divorce and allege that she has been remarried and that that venture turned out a failure and that she now finds herself in destitute circumstances and prays that a decree be entered requiring her former divorced husband to pay suit money and alimony to enable her to defend charges based upon alleged facts which are alleged to have occurred after the former husband had ceased by operation of law to be under any duty to provide for her.

We think there is no difference in the respect here involved, between the right to claim permanent alimony and

the right to claim suit money and solicitor's fees. Whether or not either claim will be allowed will depend, of course, upon evidence where the right exists to have a decree for the same, but if no right exists upon which the decree may be based then there exists no necessity for evidence either in a case praying for alimony or in one praying for court costs and solicitor's fees.

In Downey v. Downey, 98 Ala. 373, 13 So. R. 412, the Court say:

"Most, if not all, of the text writers who discuss the point hold that alimony will not be allowed on a separate proceeding after divorce *a vinculo*. 1 Amer, & Eng. Law, p. 479; Schouler, Husb. & Wife, No. 459; Bish. Mar. & Div., 376 et seq. Indeed, the general rule is that courts of equity have no jurisdiction to grant alimony at all except in and as incident to a bill for divorce absolute or a *mensa et thoro*. 2 Pom. Eq. Jur. 1120. But this rule has been departed from by this Court, and the doctrine has come to be established with us 'that courts of equity exercise a jurisdiction over the subject of alimony not merely incidental (to proceedings for divorce), but original, (and wholly separate and apart from proceedings for a dissolution of the bonds of matrimony or for separation) in cases where the wife's right to maintenance exists.' Glover v. Glover, 16 Ala. 440; Kinsey v. Kinsey, 37 Ala. 393; Hinds v. Hinds, 80 Ala. 226; Murray v. Murray, 84 Ala. 363, 4 So. R. 239. None of these cases, however, and none that have ever been decided by this Court, directly or indirectly support the position asserted by the present bill. On the contrary, the doctrine declared in the case of Glover v. Glover, and reiterated in the subsequent cases cited, is rested on considerations which do not apply in the case at bar.

The bills in all of those cases were filed by the wives of the several defendants and not, as here, by a person who had been, but was not at the time of instituting her suit, the wife of the defendant. It was conceded in each of those adjudications that upon general principles of equity jurisprudence as declared and enforced prior to the first of them, alimony was not allowable except as an incident to relief in a proceeding for divorce but the court, in effect, extended equity jurisdiction to the allowance of alimony, though no dissolution of the bonds or decree of separation was prayed, expressly on the ground that it is the unquestionable duty of the husband to support the wife and the inadequacy of legal remedies to enforce this duty. Hinds v. Hinds, *supra,* and cases there cited. Does this ground exist on the averments of the present, bill? Do the complainant and the respondent therein sustain the relation of husband and wife to each other? Clearly not. Can there be any duty resting on one as a husband who is not a husband to support another as a wife who is not a wife? Certainly not on general principles which have never been departed from to this extent, unless the duty becomes fixed and decreed to be performed while the relation of husband and wife still exists, or as a part of the judgment dissolving it. Certain it is that, to the extent this Court has changed the general rule, it has been actuated by reasons which do not obtain after the relation of husband and wife has been destroyed by the valid decree of a competent tribunal entailing the release of each party from all the duties incident to the relation.''

And further, in the same opinion, the Court say:

''It was long since determined here that a decree of

divorce *a vinculo* puts an end to the relation of marriage as effectually as would result from the death of either of the parties, and that, as a consequence, all duties and obligations necessarily dependent upon the continuance of that relation immediately cease.''

We approve the expressions of the Supreme Court of Alabama in this regard and find that the rule there enunciated appears to be supported by the weight of authority. We know of no good purpose that could be served by quoting and commenting upon some authorities which appear to hold to the contrary. We think that this Court is already committed to the rule stated herein.

For the reasons stated, the orders appealed from should be reversed and the cause remanded for further proceedings not inconsistent with this opinion. It is so ordered.

Reversed and remanded.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.