CAROLYN C. FROHOCK v. J. A. FROHOCK

158 So. 106.
Division A.
Opinion Filed December 12, 1934.

D. R. *Peacock,* for Appellant;

G. B. *Knowles,* for Appellee.

ELLIS, J.—This is an application by Carolyn C. Frohock for an order requiring her former husband, J. A. Frohock, to pay to the Clerk of the Circuit Court for Sarasota County the sum of thirty-five dollars in payment of the cost of preparing a transcript of the record in a certain appeal taken by the petitioner from an order of the Circuit

Court dated August 31, 1934, modifying the provisions of a final decree of divorce entered on March 30, 1932, relating to the payment of alimony, and ordering the payment of solicitors' fees to the former wife and all costs of the proceedings relating to the modification of the final decree. The application is also for an order to require J. A. Frohock to pay the fee of twelve dollars to the Clerk of this Court required to be deposited in appellate proceedings and to pay the sum of five hundred dollars to the applicant for solicitors' fees.

. J. A. Frohock procured a decree of divorce from his wife Carolyn in March, 1932 . A day or two prior to the entry of the decree the parties entered into an agreement called a separation agreement whereby they agreed that the husband should pay to the wife alimony in the sum of one hundred dollars per month and neither of them would "ask the court to change the amount of said alimony by either increasing or reducing same or by making any other order in connection therewith except the same be in keeping with the terms and spirit of this agreement." The agreement also related to the division of certain personal property. Provision was made for the termination of the "obligation" upon the marriage of Carolyn Frohock, or the payment to her of a certain sum of money by J. A. Frohock.

The agreement was approved by the court and set out in full in the decree and made a part of it by the positive words of the decree.

J. A. Frohock paid to the divorced wife one hundred dollars per month until May, 1934, when he suspended payments until November, 1934, at which time he owed to Mrs. Frohock six hundred dollars under the terms of the decree. Whereupon Mrs. Frohock agreed to accept three hundred dollars in full settlement of the sum due to her up to November 5, 1934. The money was paid.

The application alleges that the Circuit Court approved the agreement to accept three hundred dollars in payment of the amount that would become due under the decree, November, 1934, and that the court's approval was obtained on August 16, 1934, and on the same day J. A. Frohock submitted a petition to the Circuit Court for a modification of the terms of the decree relating to alimony.

A motion to strike the petition for a modification of the decree was made and denied. Thereupon Carolyn Frohock answered the petition in which she denied that the petitioner was unable to pay the amount allowed by the first decree as alimony to her. The answer set out the defendant's financial ability and denied her own ability to maintain herself, averred that petitioner spent money traveling, that he had married again and within thirty days after the date of the original decree and denied that he had contributed to the support of their son.

Testimony was taken and the court entered the modification decree on August 31, 1934, in which the alimony of one hundred dollars per month was reduced to sixty dollars per month. Mrs. Frohock was allowed one hundred dollars for solicitors' fees and required J. A. Frohock to pay the costs of the proceedings.

From that order Mrs. Frohock appealed and filed in this Court the application mentioned above.

The general rule, subject to some exception, is that alimony, temporary or permanent, cannot be allowed after final decree since the suit is no longer pending and the court has no jurisdiction of the parties. See 19 C. J. 210; Erkenbrach v. Erkenbrach, 96 N. Y. 456; 2 Nelson on Divorce and Separation, Sec. 936; 1 R. C. L. 937.

The agreement entered into between Mr. and Mrs. Frohock referred to above in which the parties settled between

themselves the matter of alimony and the division of certain personal property and the money to be paid to Mrs. Frohock's attorney for "his services in and about this adjustment," has many of the indicia of an agreement to facilitate the procuring of a divorce. If such were its purpose indeed, it would be illegal and void according to the views expressed by this Court in Gallemore v. Gallemore, 94 Fla. 516, 114 South. Rep. 371, and Potter v. Potter, 101 Fla. 1199, 133 South. Rep. 94.

The agreement was made on March 29, 1932, and the final decree of divorce was made and entered on the following day. The final decree set out the agreement in full and by explicit words made it a part of the court's judgment. The decree did not expressly reserve the question of alimony for further consideration or for further order or decree nor does any statute of this State empower the court to make any order concerning alimony after the final decree. The statute provides merely that in a suit for divorce if the wife shall in her answer or by petition claim alimony or suit money and the answer or petition shall seem well founded the court shall allow a reasonable sum therefor and in every decree of divorce in a suit by a wife the court shall make such orders touching the maintenance, alimony and suit money of the wife or any allowance to be made to her as from the circumstances of the parties and the nature of the case may be fit. See Secs. 4986, 4987, C. G. L. 1927.

Under the provisions of Section 4990 C. G. L., 1927, a decree of alimony granted under the above numbered sections releases the wife from the control of her husband and she may use her alimony and acquire, use and dispose of other property uncontrolled by her husband and in certain circumstances the court may make such orders as will secure her alimony to her.

If by the agreement the parties sought the procurement

of the divorce the decree by incorporating it in its provisions could not impart validity to it, because if it was void as against public policy the approval of it by the court could not breathe life into it, so the effective part of the decree was that portion of it ordering J. A. Frohock to pay one hundred dollars per month as alimony.

The question before us arises on a motion to require J. A. Frohock to pay costs and attorneys' fees in an appeal by Mrs. Frohock from an order of the court made two years after the final decree affecting alimony allowed in such decree.

An appeal from the order is the correct procedure because the authority of the court to make it may be determined on the appeal. The proceedings inaugurated by Mr. Frohock to obtain a modification of the final decree must have been treated by the court as a continuation of the original suit for divorce in which the final decree fixed the amount of alimony to be paid. That being true, it is not clear why Mr. Frohock should be relieved from the duty of providing his quondam wife with suit money and court costs to enable her to resist the effort to amend the original decree. The allowance of such sums cannot be regarded as the exercise by this court of original jurisdiction and beyond its powers.

Treating the order as an appealable one, there is authority for allowing suit money and costs while the cause is pending. See Prine v. Prine, 36 Fla. 676, 18 South. Rep. 781.

Following the holding in the above case, we will make no order for the payment of counsel fees until there is submitted to us proof as to the value of the services of the appellant's solicitor but will grant the application for the payment by appellee of the costs in this court and the cost of the transcript.

So ordered.

Davis, C. J., and Terrell, J., concur.

Whitfield, P. J., and Brown and Buford, J. J., concur in the opinion and judgment.