J. C. Vinson v. Aldine Vinson.

190 So. 454
Division B
Opinion Filed July 7, 1939

*Whitaker Brothers,* for Appellant;

*Shackleford, Farrior & Shannon* and *George T. Shannon,* for Appellee.

BROWN, J.—We are here confronted with a petition by appellee, Mrs. Aldine Vinson, for allowance by this Court of alimony *pendente lite,* attorneys' fees and costs incidental to the pendency of an appeal from a recent Circuit Court order modifying the amount of permanent alimony allowed in a divorce decree rendered some eight years ago; also a motion by appellant, Dr. J. C. Vinson, to dismiss said petition.

An appeal was taken by Dr. Vinson from an order which adjudged that appellant was in arrears in alimony payments in the sum of $1770.00, which arrearage was ordered to be paid in installments, and which further provided that the amount of alimony required to be paid by the original final decree be reduced to $50.00 per month payable on the eighth day of each month. The order was dated April 8, 1939.

On the 21st day of July, A. D. 1931, now some eight years ago, a final decree was entered in the above captioned cause granting to this appellee a final decree of divorce from said appellant, and awarding the custody of their two children to her, and decreeing that appellant should pay to appellee as permanent alimony and support money for the minor children the sum of $200.00 per month for the months of July, August and September, 1931, and $250.00 per month thereafter. No appeal was taken from this decree.

On March 17, 1939, appellee filed in said cause a petition

praying for the issuance against appellant of a rule to show cause why he should not be adjudged in contempt of court for failure to comply with the terms of said final decree in the payment of said permanent alimony. Appellant filed an answer thereto praying, among other things, for a modification of said final decree, and on April 8, 1939, the court entered an order adjudicating the amount of arrears of said permanent alimony and directing appellant to pay same in said installments set out in said order, and also modifying the final decree by reducing the monthly installments of permanent alimony to $50.00 per month, as above stated. On the date of said order, appellant paid to appellee the sum of $65.00 as provided for thereby but has not complied with said order otherwise.

In her application to this Court appellee, petitioner herein, alleges that she is without any source of income other than the permanent alimony decreed her in said cause. And in addition thereto she is without assets or funds of any kind or nature with which to either maintain herself or to employ and pay counsel for their services in representing her in this Court on this appeal, whereas the appellant is an active practicing physician in the City of Tampa with a large and lucrative practice and is well able to pay such reasonable amounts as this Court may fix for alimony *pendente lite*, attorney's fees and costs.

To this petition, the appellant J. C. Vinson, filed a motion to dismiss, the main ground of which is that no marital relation exists between the parties to this cause and that the said Aldine Vinson is therefore not entitled to the allowance of alimony *pendente lite*, attorney's fees or costs in this Court, and that this Court is without jurisdiction to grant the same.

Without waiving his motion to dismiss appellant also has answered the petition on the merits, alleging among other

things that the two sons of appellant and appellee have reached their majority and are now aged 26 and 23 respectively, denying the allegations of the petition with reference to Aldine Vinson's inability to support herself; alleges she is trained in practical nursing and has been following her profession for a long period of time, that she is living with her two sons who have good positions, and that she is one of the heirs of a certain estate which has large holdings and assets, the exact amount of which is unknown to appellant and that appellee is well able to maintain herself as well as pay her counsel fees and costs in this action. Also that although appellant is a practicing physician, his earnings from his profession have been small during these past several years and he has only been able to barely maintain himself.

Appellant also alleges that in accordance with an order entered by Hon. L. L. Parks, Judge of the Circuit Court of Hillsborough County, on May 4, 1939, he entered into a supersedeas bond payable to the said Aldine Vinson in the sum of $1500.00, a certified copy of which is attached to said answer, and that no further payments have been made under the order of April 8th because of the giving of said bond, which was duly approved. The condition of the bond is that if the said J. C. Vinson shall prosecute his said appeal to effect, and if the final decree of the Circuit Court shall be affirmed, "he shall pay the amounts adjudged against him in and by said final decree, which accrue under said final decree during the pendency of this appeal, and costs."

It appears that the marital relation between these parties was dissolved by the final decree of divorce rendered on July 1, 1931, and the main question here presented is whether or not, in view of this fact, the said Aldine Vinson is entitled to an allowance by this Court of alimony *pendente lite* and attorney's fees, pending this appeal, taken by her

former husband from said order of April 8, 1939, which order adjudicated the amount of permanent alimony in arrears and provided for the payment thereof in installments, and modified and reduced the monthly installments of said alimony. There is also the question of the effect of the supersedeas order and bond, filed and approved in the trial court, upon the appellee's rights to allowance of alimony *pendente lite,* etc., by this Court pending this appeal.

It might be observed that the final decree of divorce which was rendered in 1931, concluded with this order:

"It is further ordered, adjudged and decreed that this Court does hereby retain jurisdiction in this cause for the purpose of making such further orders herein as are necessary."

Appellant contends that Section 4986 C. G. L. of 1927, and the decisions of this Court, base the right to alimony *pendente lite* and suit money, upon the existence of the marital relation. Appellant further contends that it is a fundamental principle that when a decree of divorce is entered and becomes final, and permanent alimony is therein decreed to be paid, thereafter the parties stand before the court in the same status and legal relationship as any other parties to a judgment entered for the payment of money; citing the case of Duss v. Duss, 111 So. 382, 92 Fla. 1081; and in support of the rule that the allowance of alimony *pendente lite* and suit money depends upon the existence, at the time, of the marital relation, citing: Bank's v. Banks, 42 Fla. 362, 29 So. 318; Wood v. Wood, 56 Fla. 882, 47 So. 560; Chaves v. Chaves, 79 Fla. 602, 84 So. 672; Arendall v. Arendall, 61 Fla. 496, 54 So. 957. These cases support the general principle contended for.

In the brief filed in behalf of appellant, attention is called to the following excerpt from the opinion of this Court,

speaking through Mr. Justice STRUM, in the case of Duss v. Duss, *supra:*

"When considering this question it should always be borne in mind that there is a marked distinction between permanent alimony decreed upon a dissolution of the marriage relation, and an allowance *pendente lite* of temporary alimony. In respect to the latter the parties stand before the court in the continued relation to each other of husband and wife; but in respect to alimony allowed and to be paid after divorce from the bonds of matrimony, they stand before the court in such a status that the legal liability of the divorced husband to pay the permanent alimony is in the nature of an obligation or duty to a stranger. See Craig v. Craig, 45 N. E. Rep. 153."

This excerpt was quoted with approval in the recent case of Gaffney v. Gaffney, 129 Fla. 172, 176 So. 68.

However, the exact question we are dealing with here was not involved in the case quoted from. That case (Duss v. Duss) involved an appeal from an order of the chancellor vacating a former order which required the plaintiff to pay temporary alimony, as well as his previous order staying the further progress of the cause, relieving complainant from the payment of unpaid accrued temporary alimony, suit money and attorney's fees provided for by a previous order and, on plaintiff's motion, dismissing the cause at the cost of the plaintiff husband, without prejudice. When the plaintiff husband filed his motion to dismiss the suit for divorce which he had filed against his wife, and the trial court granted it, that of course left the relationship of husband and wife in existence and undisturbed. Indeed, the statement in the opinion, above quoted, was not essential to the decision of the case.

However, the principle thus enunciated, while subject to some qualification perhaps, is in a general sense correct,

and in harmony with our previous decisions cited in appellant's brief. See also 17 Am. Jur. 410, where it is said that a decree for permanent alimony is "a judgment calling for the performance of a duty made specific by the decree of a court of competent jurisdiction." Yet such a decree is not in all respects the same as a mere money judgment. See Bronk v. State, 43 Fla. 461, 31 So. 248; Dickenson v. Sharpe, 94 Fla. 25, 113 So. 638. A decree for permanent alimony does not create a lien upon the former husband's estate, but is ordinarily enforced not by execution but by contempt proceedings and writ of *ne exeat*. However, the court can enter a money judgment for accrued arrearages. It is true that in the Duss case there was an application made to this Court for the allowance of temporary alimony during the pendency of the appeal and for solicitors' fees for prosecuting the same, but this petition was not filed here until nearly three years after the appeal was taken and after the cause had been finally submitted and was under consideration by this Court. In the last paragraph in the opinion in that case, attention was called to this fact and the petition denied for reasons not pertinent here. And in that case the parties were still husband and wife.

So the court did not have to deal directly in that case with the question presented here.

Nor did the case of Kennard v. Kennard, 131 Fla. 473, 179 So. 473, also cited by appellant, deal with the present question. That case held, however, that the lower court could modify a divorce decree which required the husband to pay the wife a stipulated amount per month for the support and maintenance of minor children, after one of such children became of age, but held that a decree of absolute divorce in which permanent alimony is awarded is final and conclusive and may not be later modified, where there are no minor children, in the absence of a reservation of

jurisdiction so to do in the divorce decree, or statutory authority therefor.

The case of Carson v. Oldfield, 99 Fla. 862, 127 So. 851, cited by counsel for appellant, does sustain their basic contention that *"the right to alimony, suit money and solicitor's fees must be based upon the existence of the marriage relation."* After laying down this general principle in the first headnote, the second and third headnotes to that case read as follows:

"Where the relation of husband and wife has ceased to exist and there was no decree for alimony, suit money or solicitors' fees made and entered while the relation of husband and wife existed or as a part of the judgment and decree which dissolved that relationship, the court is without authority in a collateral proceeding, or upon further hearing in the same proceeding on motion to modify a part of the original decree, in regard to the custody of minor children only, to award to the former wife a decree against the former husband requiring the payment to her of suit money and solicitors' fees.

"When a final decree of divorce has been entered in this State and the time has elapsed in which appeal may be taken, such decree becomes and is absolute and puts an end to the relation of marriage between the parties as effectually as would result from death, and if there is no provision made in that decree, or in any former decree entered in the cause, requiring the husband to pay alimony, suit money or solicitors' fees, all duties and obligations in that regard terminate and cease and thereafter the divorced wife may maintain no claim against the divorced husband for either of such items."

In the comprehensive opinion of Mr. Justice Buford in that case most of the cases cited by appellant are referred to. In that case, the original divorce decree did not contain any provision for alimony, but it did provide that the defend-

ant husband pay the complainant a certain amount per month for the support, maintenance, education and general expenses of the children, whose custody was awarded to the wife. In her bill for divorce, the wife did not pray for suit money, alimony or attorneys' fees and no provision was made therefor. Each of the parties had remarried and the decree of divorce had become absolute some years before the petition was filed in the lower court.

In his opinion in that case Mr. Justice BUFORD quoted with approval from the case of Downey v. Downey, 99 Ala. 373, 13 So. 412. In the quotation from the Alabama case, which is embraced in the opinion of Carson v. Oldfield, the following language appears.

"Do the complainant and the respondent therein sustain the relation of husband and wife to each other? Clearly not. Can there be any duty resting on one as husband who is not a husband to support another as a wife who is not a wife? Certainly not, on general principles which have never been departed from to this extent, unless the duty becomes *fixed and decreed to be performed while the relation of husband and wife still exists, or as a part of the judgment dissolving it*. Certain it is that, to the extent this Court has changed the general rule, it has been actuated by reasons which do not obtain after the relation of husband and wife has been destroyed by the valid decree of a competent tribunal entailing the release of each party from all duties incident to the relation." (Italics supplied.)

The italicized part of the foregoing quotation indicates that if the duty of the husband to support the wife is fixed and decreed, in the form of alimony, while the relation of husband and wife still exists, or as a part of the decree dissolving such relation, this duty is thereby continued into the future, though subject perhaps to modification as changing conditions may require, where the court retains juris-

diction for that purpose, or the statute vests the court with such jurisdiction. Now the original decree in the instant case, while absolutely final so far as the divorce was concerned, did grant the wife alimony and the count did, for the purpose of making any further orders that might prove necessary, retain jurisdiction of the cause and the parties, and hence there was a duty imposed upon the appellant by said decree to contribute, by way of alimony to the support of the appellee to the extent provided by the divorce decree, which alimony the court reserved the right to modify in the future if it became necessary. So, the duty of support, originally imposed by the existence of the marriage relation was to this extent transmuted in a judgment and specifically imposed by the final decree dissolving that relation. However, the marital relation having been completely dissolved, the duty to pay alimony to the former wife springs primarily from the decree.

Counsel for appellee cite the following cases: Schrader v. Phillips, 32 Fla. 403, 13 So. 920; Prine v. Prine, 36 Fla. 676, 18 So. 781. However, neither of these cases are strictly in point here. But counsel for appellee do cite one case which does appear to be closely in point, and that is the case of Frohock v. Frohock, 117 Fla. 603, 158 So. 106, in which the opinion was written by Mr. Justice ELLIS.

In the Frohock case, subsequent to a decree for a divorce, the husband filed a petition in the same cause for modification of the final decree in so far as the same related to alimony. Upon such petition, the permanent alimony was modified by the reduction of same. The wife appealed, and filed her application in this Court praying for an order requiring her former husband to pay her attorneys' fees and the costs of said appeal, i.e., the cost of preparation of the transcript and the docket fee in this Court. This Court granted the petition in so far as costs were con-

cerned, but reserved the question as to attorneys' fees until proof should be submitted as to the value thereof. In the opinion in that case it was said:

"The question before us arises on a motion to require J. A. Frohock to pay costs and attorneys' fees in an appeal by Mrs. Frohock from an order of the court made two years after the final decree affecting alimony allowed in such decree.

"An appeal from the order is the correct procedure because the authority of the court to make it may be determined on the appeal. The proceedings inaugurated by Mr. Frohock to obtain a modification of the final decree must have been treated by the court as a continuation of the original suit for divorce in which the final decree fixed the amount of alimony to be paid. That being true, it is not clear why Mr. Frohock should be relieved from the duty of providing his quondam wife with suit money and court costs to enable her to resist the effort to amend the original decree. The allowance of such sums cannot be regarded as the exercise by this court of original jurisdiction and beyond its powers.

"Treating the order as an appealable one, there is authority for allowing suit money, and costs while the cause is pending. See Prine v. Prine, 36 Fla. 676, 18 South. Rep. 781.

"Following the holding in the above case, we will make no order for the payment of counsel fees until there is submitted to us proof as to the value of the services of the appellant's solicitor but will grant the application for the payment by appellee of the costs in this court and the cost of the transcript."

Counsel for appellant have attempted to distinguish the Frohock case from the present case in that no asking for alimony was made in that case, and it appeared that a minor

child was involved, and it also appeared that the action taken in the lower court by the former husband was in violation of the agreement which had been made a part of the final decree granting the divorce; further, that this Court reserved its decision in regard to everything except the costs, which it was shown was essential in order that this Court might have the record brought up so that this Court might pass upon the merits of the case; whereas in the case at bar the application is for the allowance of alimony *pendente lite,* attorneys' fees and costs, and no minor children are involved.

Appellant also says that an anomalous situation would exist in this case if this Court should grant appellee's petition; that if this should be done, and the lower court should be affirmed, then the appellee would collect from the appellant the amount allowed by this Court as alimony *pendente lite,* attorney's fees and costs during the pendency of this appeal, and also be entitled to enforce collection under the $1500.00 supersedeas bond for the amounts accruing on the order appealed from during the same period of time. That on the other hand if this Court decides that the order appealed from should be reversed, then the appellee would have been paid under the order of this court certain sums as alimony *pendente lite* to which this Court, by such decision, would hold the appellee not to be entitled to.

Our view is that if this Court has the right and power to entertain and grant this petition of appellee for alimony *pendente lite,* if the facts yet to be developed warrant it, the posting of a supersedeas bond as authorized in the trial court, conditioned to pay the accumulated installments of permanent alimony in the event the order appealed from should be affirmed, would not preclude this Court from making an allowance of temporary alimony and suit money while this appeal is pending if it be made to appear to this Court that the needs of the wife require it and if the ap-

pellant is able to pay it. If this Court should allow temporary alimony pending this appeal and the order appealed from should be affirmed without deciding the question we merely suggest in passing that the court below might, upon proper petition, credit the amounts allowed and paid under the order of this Court as alimony *pendente lite* here, upon the accrued and unpaid installments of permanent alimony protected by the supersedeas bond. If we assume that the chancellor in his order allowed the appellee a minimum amount for her to exist on, considering the ability of the appellant to pay, and also that she had no other source of income than the alimony, the question might arise, if alimony *pendente lite* is allowable pending the appeal, could we assume that the appellee would be able to exist and maintain herself during the time the cause is here on appeal. And if this Court should decide to grant appellee's petition, and testimony yet to be taken should develop such a situation, could it be said that the hands of this Court could be tied and that it would be prevented from allowing alimony *pendente lite* pending the appeal no matter how necessary to appellee, and no matter how able the appellant to pay, merely because the lower court granted to the appellant a supersedeas upon the posting of a bond? We think this question would have to be answered in the negative, in the light of what was said in Schrader v. Phillips and Prine v. Prine, *supra*. The matter of granting such a supersedeas order as was granted by the trial court in this case was within the sound judicial discretion of the Circuit Judge, subject to review, if appealed from, by this Court. See Holly v. Holly, 81 Fla. 881, 89 So. 132.

We return now to the controlling question before us.

It is perfectly apparent that our decision of the question presented by the appellee's petition, and the appellant's motion to dismiss it, turns upon the further question of whether

we shall follow the holding in the case of Frohock v. Frohock, *supra,* or return to, and base our decision upon the basic principle laid down in several of our previous cases to the effect that the only foundation for an order for alimony, *pendente lite,* suit money and attorneys' fees is the then existence of the marital relation between the parties. The previous cases referred to are Banks v. Banks, 42 Fla. 362, 29 So. 319; Wood v. Wood, 56 Fla. 882, 47 So. 560; Arendall v. Arendall, 61 Fla. 496, 54 So. 957; Chaves v. Chaves, 79 Fla. 602, 84 So. 672, and Carson v. Oldfield, 99 Fla. 862, 127 So. 857.

It is true that the several cases cited dealt with allowances of alimony *pendente lite* and suit money made by the Circuit Court, reviewed by the Court on appeal, but the general principle enunciated therein is just as applicable here as in the courts of first instance.

The case of Wood v. Wood, *supra,* dealt with an appeal from a decree in a case where a wife had brought suit for alimony and the several orders in the case were reviewed here on appeal. One of them was an order allowing alimony *pendente lite* and counsel fees. An illuminating opinion was written by Mr. Justice WHITFIELD in that case which was concurred in by all the members of the Court. In the opinion, the case of Banks v. Banks, *supra,* was reviewed and the holding therein approved. In the Banks case, the bill of complaint alleging the marriage was not sworn to and the marriage was specifically denied under oath by the defendant. In that situation, the Court held that the order of reference to a master to take testimony as to the allowance of alimony *pendente lite* and suit money was error, and held that:

"The only foundation for an order for alimony suit money and counsel fees *pendente lite* is the fact of marriage between the parties, and where, as in this case, there is no

proof of the marriage or living together as husband and wife except the allegations of an unsworn bill of complaint, which the defendant by affidavit specifically denies under oath that he was ever married to the complainant, and that he ever lived with her as his wife, the court is not justified in making any order for alimony, suit money and counsel fees *pendente lite*. 2 Bishop Marriage, Div. & Sep. Sec. 924; Vreeland v. Vreeland, 18 N. J. Eq. 43; Brinkley v. Brinkley, 50 N. Y. 184, S. C. 10 Am. Rep. 460; Smith v. Smith, 61 Iowa, 138, 15 N. W. Rep. 867; Collins v. Collins, 80 N. Y. 1; Bardin v. Bardin, 4 South Dakota, 305, 56 N. W. Rep. 1069. It is true that the order complained of does not in terms grant alimony, suit money and counsel fees *pendente lite,* but it does appoint a master to ascertain and report sums of money to be allowed for those purposes, with power to take testimony in the premises. In the absence of a sufficient showing to authorize the court to award alimony, suit money and counsel fees *pendente lite,* the appointment of a master with the powers here conferred is premature."

The case of Arendall v. Arendall, *supra,* dealt with a bill in chancery filed for alimony without divorce, in which case an application was made by the complainant wife for temporary alimony, counsel fees and suit money. The second headnote in that case, the opinion in which was written by Mr. Justice SHACKLEFORD, reads as follows:

"The only foundation for an order for alimony, suit money and counsel fees *pendente lite,* is the fact of marriage between the parties, and the marriage relation should be made to appear at least *prima facie* by proof or admission before any order is made for the taking of testimony as to alimony, suit money and counsel fees."

The same principle was again enunciated in the case of Chaves v. Chaves, *supra,* in which the plaintiff filed her bill

for permanent alimony and also for ailmony *pendente lite* and suit money.

The same principle was laid down in the case of Carson v. Oldfield, *supra*, hereinabove quoted from. After reviewing our previous decisions Mr. Justice BUFORD, speaking for a unanimous Court, said:

"So it would appear that this Court is committed to the holding that the right to a decree for suit money, alimony and solicitors' fees exist only when the marriage relation between the parties is at least *prima facie* established."

The principle thus laid down in the above cited Florida cases appears to be in harmony with the weight of authority in this country. Thus in 17 Am. Jur. 436, it is said:

"The existence of a valid marriage is the very basis on which a grant of temporary alimony is founded and an allowance *pendente lite* should not be made, in the absence of statute, where the husband denies the existence of the marital relation, until the dispute thus raised as to the status of the parties is determined. On the tentative establishment of the marriage, the wife is entitled to temporary alimony."

To like effect see 19 C. J. 201, 212. See also 17 Am. Jur. 441-442.

Of course, an allowance of temporary alimony and suit money in this Court may be made during the pendency of an appeal from at final decree of divorce; also where the husband appeals from an order granting alimony *pendente lite* made by the trial court. A decree granting divorce and alimony is of course, when appealed from, not regarded as final until affirmed by the appellate court, and pending the appeal here, this Court can and frequently does grant alimony *pendente lite*, counsel fees and the cost of perfecting the appeal, where the needs of the wife and the ability of the husband make such an order appropriate.

In 17 Am. Jur., page 455, Section 575, it is said "An allowance for solicitors' fees and suit money may be made in any proceeding founded on the existence of the marital relation and involving an assertion of the duties arising therefrom."

However, in the next paragraph, Section 576, page 455, it is said:

"The cases are not entirely agreed as to the power of courts to allow counsel fees to a former wife upon application to modify a divorce decree in respect of alimony. Some of the cases hold that the court may allow a former wife counsel fees on an application by her for increased alimony. Others take the position that after a divorce and an award of permanent alimony, the woman, being no longer the wife of the other party, is not entitled to an allowance for services rendered by her counsel in an unsuccessful effort to have the amount of alimony increased. Where, however, the plaintiff is still the wife of the defendant, as where she had been divorced from him, *a mensa et thoro,* she should be allowed reasonable attorney's fees where she is successful in suing to recover unpaid installments of alimony.

"In several cases an allowance of counsel fees has been made to a former wife to enable her to resist an application to reduce her alimony."

In support of the last sentence of the quoted paragraph, the case of Stillman v. Stillman, 99 Ill. 196, 39 Am. Rep. 21, is cited, also the annotation in 14 A. L. R. at page 614. In that note the Stillman case is revised, and it will be noted that the decision in that case largely turned upon the construction of the Illinois statute dealing with alimony pending appeal of writ of error.

The annotation in 14 A. L. R. which begins on page 613, begins with this statement:

"The cases are not entirely agreed as to the power to allow

counsel fees to a former wife upon application to modify a divorce decree in respect to alimony."

The annotation then proceeds to review the cases dealing with that particular question, and it seems that the decisions on that question are about equally divided.

This annotation is appended to the case of Winchester v. Winchester, a Maryland case, 113 Atl. 484, 14 A. L. R. 609. In that case the single headnote reads as follows:

"The granting of an absolute divorce deprives the wife of the right to counsel fees in a subsequent application for increase in the allowance of alimony."

However, in view of our several decisions, wherein we have held that the only foundation for an order for alimony, suit money and counsel fees *pendente lite* is the continued existence of the marriage between the parties, our conclusion is that the case of Frohock, *supra,* constitutes a departure from that fundamental principle, which principle we think should be adhered to, and it therefore follows that the holding in the Frohock case on this question must be overruled.

The result is that the appellant's motion to dismiss appellee's petition for alimony *pendente lite* and suit money pending this appeal in this Court, is hereby granted, and said petition is dismissed.

WHITFIELD, P. J., and CHAPMAN, J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.