Evelyn Lacey Davis v. Robert H. Davis.

196 So. 614
En Banc
Opinion Filed June 4, 1940
Rehearing Denied June 21, 1940

*Paul C. Albritton,* and *Tom W. Butler,* for Petitioner; *Henderson & Franklin,* for Respondent.

Chapman, J.—On December 9, 1936, the Circuit Court in and for Lee County, Florida, entered a final decree dissolving the bonds of matrimony between Evelyn Lacey Davis and Robert H. Davis. The decree awarded the custody of the children of the parties, viz.: Mary Davis and Robert Howard Davis, III, to Evelyn Lacey Davis, but the right to visit the children by the father for at least twice each week was granted and also the custody of the children

was to be with the father a period of three months of each calendar year.

The parties made a property settlement in lieu of alimony, support money and counsel fees and the same was approved by the terms of the final decree.

On September 16, 1939, Robert H. Davis, as petitioner, applied to the Court for an order awarding the custody to him of his daughter, Mary Davis, then 15 years of age, and his son, Robert H. Davis III, 12 years of age. The petition alleged the mother, Evelyn Lacey Davis, for certain reasons appearing in the petition, was an improper person to have the custody of the minor children. The petition likewise asked for a modification of the final decree as to the monthly payments previously ordered paid to Mary Lacey Davis for her support, as well as the support and maintenance of the children.

On November 27, 1939, Evelyn Lacey Davis filed her petition in the same cause seeking an allowance of counsel fees, suit money and costs *pendente lite*. On November 27, 1939, Evelyn Lacey Davis filed a motion in said cause to dismiss the petition seeking a change in the award of the custody and control of the minor children and simultaneously therewith filed a motion to strike described portions of the petition filed by Robert H. Davis seeking an order for the custody of Mary Davis and Robert Howard Davis, III.

On February 12, 1940, the lower court entered an order: (a) denying the motion of Evelyn Lacy Davis to strike described portions of the petition of Robert H. Davis; (b) denying the motion of Evelyn Lacey Davis to dismiss the petition filed by Robert H. Davis; (c) granting a motion of Robert H. Davis to dismiss the petition of Evelyn Lacey Davis for an order permitting or allowing attorney's fees, suit money and costs *pendente lite*.

On March 25, 1940, Evelyn Lacey Davis filed a petition for writ of certiorari in this Court in which it was alleged that the order of the lower court dated February 12, 1940, was erroneous.

It is well established that minor children are wards of the court and its responsibility is to make and enter such orders touching the welfare and best interests of the child as from time to time may seem necessary. If the welfare of the child and its interests require that the custody should be awarded to another, the court will make such an order or decree as the interests of the child requires. See Mooty v. Mooty, 131 Fla. 151, 179 So. 155; Bourn v. Hinsey, 134 Fla. 404, 183 So. 614; Myers v. Stewart, 117 Fla. 173, 157 So. 499. We think the petition sufficient in its allegation to support testimony upon which to base an order awarding the custody of the two minor children.

It is next contended that the lower court erred in overruling the motion of Evelyn Lacey Davis to strike certain portions of the petition of Robert H. Davis wherein he seeks an order awarding the custody of the two minor children and a modification of the amounts paid to Evelyn Lacey Davis for her support and the support of the two minor children. The motion to strike has been carefully considered and the order of the court overruling and denying the motion has not been made to appear erroneous, however we do not commit ourselves to the view that the court may interfere with the formal property settlement.

It is next contended that the lower court erred in dismissing the petition of Evelyn Lacey Davis for allowance of attorney's fees, court costs and suit money. We have considered the authorities cited by counsel for appellant to sustain their contention on this assignment, but the contention is without merit, as the case of Vinson v. Vinson, 139 Fla. 146, 190 So. 454, controls on this point.

The writ of certiorari prayed for is hereby denied and the interlocutory order of the lower court is affirmed and the cause remanded for further proceedings in the lower court not inconsistent with this opinion.

It is so ordered.

Whitfield, P. J., and Brown, J., concur.

Thomas, J., concurs in opinion and judgment.

Chief Justice Terrell and Justice Buford not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.