## THROWBRIDGE HULL STANLEY v. ALICE GASSER STANLEY

28 So. (2nd) 694                                     June Term, 1946
January, 10, 1947                                        Division B

*James C. Knight,* for appellant.

*McCune, Hiaasen, Fleming & Kelley,* for appellee.

HARRISON, Circuit Judge:

This controversy brings for review an order bearing date of June 7, 1946, requiring appellant to pay doctor bills in amount of $75.00 incurred in behalf of one of his minor sons, and increasing from $100.00 to $150.00 per month the support money to be by him paid for each of his two sons, such increase to begin on the 10th day of November 1945.

The contending parties were divorced by decree of the Circuit Court, Dade County, Florida, on July 31, 1942. The decree expressly adopted an agreement between the parties relating to settlement of property rights, alimony, custody of the two minor sons, and required payment on the 10th day of each month the sum of $100.00 for the support and care of each son, during minority. There was also provision for a $5000.00 educational policy for each child, and insurance on the life of appellant for $25,000.00, in favor of the appellee, and his two sons.

The 9th paragraph of the said agreement reads as follows:

"9. That the provision above in which the husband agrees to pay to the wife One Hundred Dollars each month for the support and care of Trowbridge Hull Stanley, Jr., and One

Hundred Dollars each month for the support and care of Nicholas Bennet Stanley is made with the expectation that such sums will adequately provide for the usual and ordinary expenses necessary to the proper care and support of said children, but the husband also agrees that in addition to paying said monthly payments and in addition to keeping the educational policies above mentioned in force and effect that he will assist said children to the best of his financial ability with respect to any unusual and extraordinary medical, dental and hospital expenses which may be incurred by them."

Appellee was awarded custody of her sons with provision that she should determine where and in what manner they should live. The father was given the right to have possession and custody of said children fifty per cent of their vacation each year.

Shortly after the entry of the final decree the appellee by virtue of illness entered a Sanitarium in Towson, Md., and there remained according to appellant until approximately June 1, 1944. Because of their mother's illness the two sons joined their father, in Chicago on September 20, 1942, and he placed them at his expense in Howe, (Indiana) Military Accademy early in October 1942; they remained until the close of the June term in 1944. Appellant has shown by his testimony that the expense incurred in maintaining his sons in Howe Academy exceeded $200.00 per month. He also testified that they joined their mother in Florida at the close of the term, on June 10, 1944.

Petition was filed by appellee on October 30, 1945, and in addition to other relief, sought an increase in the monthly allowance for the support of the two sons, aged 14 and 16 years respectively, and sought an order requiring appellant to pay doctor bills in the amount of $75.00 incurred in the treatment of one of the sons for systemic disorder and boils.

On November 5, 1945 an order was entered requiring appellant to show cause on November 21, 1945; on April 30, 1946, hearing was had on testimony taken; order was entered increasing the award for support for each of the minor sons in the amount of $50.00 per month, beginning November 10, 1945. The order also required payment of $75.00 doctor bills,

and made other requirements, the which are not material to be considered in determination of this cause.

The June 7, 1946 order relieved appellant of certain requirements stated in the order of April 30, 1946, but constituted the obligation to pay the doctor bills of $75.00 and the increased support from November 10, 1945.

Appellant here contends the testimony in the cause did not warrant or justify the findings of the court because (1) it fails to show the sons were in need of any increased allowance, and (2) that it was not shown that appellant's financial status had improved to the extent warranting the increase; (3) that the court committed error in making the payments retroactive; (4) that paragraph nine of the agreement, included within the final decree, only required the payment of medical bills which were unusual and extraordinary, and that the testimony failed to establish any bills of that nature.

It is further contended that since testimony of appellee was the only evidence, with no supporting bills or proof before the court to the effect there was any need of additional support, the court was in error in granting same.

We have carefully considered all of the testimony and after able argument of counsel, we fail to find in this record any basis for disturbing the order. The court will take judicial knowledge of the fact that the cost of living has increased since 1942, and if such were not the case, the same is established by the testimony of appellant; this is shown by his expense in providing for his sons during the period they were with him. We fail to find error in the fact that the court made the effective date of the increase beginning November 10, 1945. The petition complained of conditions existing on the date it bore, and the undisputed testimony of appellee, is to the effect that her cost of supporting the two sons was then $400.00 per month.

Paragraph 9 of the agreement, which was made a part of the original final decree, in specifying the amount of support for the children, states "it is the expectation of the parties the sums stated will adequately provide for the usual and ordinary expenses to the proper care and support of said children, etc.".

The trial court evidently found and determined that under the changed and changing conditions, the sum stated in the first decree was not sufficient to adequately provide for their usual and ordinary expenses to their care and support.

It was true appellant was by the 9th paragraph of the agreement, obligated to the best of his financial ability to assist with respect to any unusual and extraordinary medical, dental and hospital expenses which may be incurred by his sons. While the bills incurred may not be for unusual or extraordinary medical treatment, still, they appear to have necessarily incurred for proper care of the son in whose behalf the bills were incurred. Neither the reasonableness nor necessity for the bills is questioned. Appellant states he was not informed of any illness of his son prior to receipt of the bill, and that he did not know the nature of same.

Since appellee was not able to pay the bill from the support provided for that purpose, the Court was fully warranted in ordering payment of this particular bill of seventy-five ($75.00) dollars.

In the case of Lee v. Lee, this Court speaking through Mr. Justice BUFORD, said:

"So she was estopped by the terms of her contract and that final decree from claiming any relief against the defendant in her own behalf, not contemplated by that contract and decree. This condition, however, does not apply to the status of the two minor children during their respective minorities. We know of no rule of law by which a father may by contract obviate or impair his obligation to support his minor children, except possibly by a contract with the duly appointed Guardian of such children when such contract with such Guardian shall have been ratified and approved by a court of competent jurisdiction. Of course the extent of this obligation and the manner of its enforcement is subject to being fixed by the court of competent jurisdiction." (26 So. (2nd) page 177).

By appellant's proof, shown by a statement which he offered in evidence, his net income after deduction of Federal income taxes in 1942, was $18,804.00. According to the same statement, his net income after deductions of Federal income taxes in 1945 was $25,795.00.

It is urged that present conditions do not warrant the order which is here for review. Suffice it to say, Sec. 65.15 F.S.A. allows either party to apply to the Court for modification of a final decree for alimony, maintenance and support. In this case the court by final decree expressly retained jurisdiction of the minor children, their care and custody; furthermore, the court does not lose its jurisdiction touching the welfare of the children during their minority.

The work of the Court has been expedited by the clarity and conciseness of the record.

No reversible error being made to appear, the order here for review is affirmed.

Affirmed.

CHAPMAN, C. J., THOMAS and BARNS, JJ., concur.