O’CONNELL, Justice.
The respondent, Mary Eisinger, hereinafter referred to as the wife, obtained a divorce from the petitioner, Frank Eisinger, hereinafter referred to as the husband. The final decree dated April 23, 1956 incorporated a stipulation executed by the parties.
The stipulation provided among other things that:
(1) the wife would have the custody of the two minor children of the parties and *503 that the husband would pay to the wife for the support of said children the sum of $40.00 bi-weekly;
(2) the wife would have the right to occupy one unit of a duplex owned by the parties and to rent and retain the income from the other unit, the wife to make the payments due under a mortgage on said property, which payments include taxes and insurance. The parties had owned the duplex in an estate by the entireties and now own it as tenants in common;
(3) neither party would maintain an action in partition so long as the children of the parties should be minors, and that neither party could be forced to sell his or her interest for a sum less than $21,000, exclusive of commissions.
On October 24, 1956 the husband petitioned the court below for modification of the final decree alleging that:
(1) the use by the wife of one unit of the duplex and receipt by her of rent from the other unit, in effect constituted payment of alimony by the husband to the wife.
(2) the wife earns approximately $4,200 per year.
(3) the husband, who was formerly employed by the United States Post Office, is now unemployed by reason of physical disability and is receiving Federal Unemployment Compensation in an amount 25% less than his former salary of $4,100 per year.
(4) one of the minor children of the parties is employed earning $24 per week.
The husband prayed for a reduction in the amount of the payments required to be paid to the wife for the support of the minor children. The chancellor denied the petition.
The husband, in his petition for writ of certiorari, contends that the chancellor erred in:
(1) failing to reduce the amount of support money required to be paid by the husband for the minor children, and
(2) failing to modify the final decree and the provisions of the stipulation as it relates to the wife having the use and rents of the duplex, she having been shown to have remarried.
Considering the last point first, the parties, by their stipulation, made a binding contract. The chancellor approved it and made it a part of the final decree. While the husband’s irritation at seeing the wife’s new mate occupying, rent free, one unit of the duplex in which the husband owns a half interest is understandable, it is not reason to require the chancellor, or this Court, to rewrite the stipulation.
It was reasonable to expect that the wife would remarry, yet there is nothing in the stipulation or final decree which provides that her use of or right to the rent from the duplex would cease on her remarriage. The right of .the husband to utilize his interest in the property is restricted so long as the children of the parties are minors. It appears therefore that the overriding consideration was to provide a home for the children during their minority.
Assuming, but not deciding, that the chancellor has the power to modify the pertinent provisions of the final decree and stipulation, it is a matter addressed to his judicial discretion and it does not appear to us that he has abused it.
The other question, that of the reduction of support payments, requires us to agree with the husband that he has shown such change of circumstances as to merit a reduction in his payments of support money.
The evidence shows that since the entry of the final decree the husband’s income has dropped from $69.50 per week to $58.50 per week. From this he must pay $20 per week for the support of the two children, *504 leaving him $38.50 per week on which to live. The husband alleges that he is disabled. The wife does not deny this.
On the other hand one of the minor children earns an average of $24 per week from part-time work. The child apparently was not earning any sum at the time of entry of the final decree.
It is reasonable to assume that the support payments are for the benefit of the two children in equal shares. If this be true then the child who works has available for her support the sum of $34 per week, including her earnings, and has rent free living quarters. It seems to us that this child is faring better financially than is her father.
We do not hold here that the father is or is not entitled to the services and earnings of a minor child, who in a divorce or separation, has been placed in the custody of the mother, with the father being ordered to support the child. Yet we do hold that where the ability of the father is restricted, as it is in this case, the earnings of the child should be considered in determining the need by the child and the amount of support money which the father should be required to pay for the benefit of the child.
While it may well be true that the sums paid by the husband plus the earnings of the child are not sufficient for the support of the child in a completely adequate manner, it is equally as true that the sums left to the husband after making- the support payments are even less adequate for his support.
The husband has shown sufficient change of circumstances to warrant a modification of the final decree reducing the amount of the support payments for the benefit of the children as required by the decree.
Accordingly the petition for certiorari is granted and the order reviewed is quashed with directions that the chancellor conduct such further proceedings as are necessary to determine the amount by which the support payments should be reduced.
TERRELL, C. J., and THOMAS and ROBERTS, JJ., concur.