On Rehearing Granted
PER CURIAM.
By petition for rehearing appellant contends that the circuit court’s order allowing attorney’s fees and suit money to the former wife pendente lite was not permissible under the decisions of the Supreme Court, and that Miller v. Miller, 1942, 149 Fla. 722, 7 So.2d 9, on which this court relied in the main opinion, does not support the challenged order, in view of the later ruling in Lechner v. Lechner, 1944, 154 Fla. 114, 16 So.2d 816.
In the Miller case the Supreme Court-allowed a former wife fees for services-of her attorney in the appellate court, on reviewing a dismissal of her suit to upset a divorce decree. Later, in the Lechner case, and in Finston v. Finston, 1948, 160 Fla. 935, 37 So.2d 423, the Supreme Court ruled that a former wife was not entitled', to such allowances in the absence of a marriage relationship.
The Lechner and Finston cases are in-conformity with the earlier cases in which, the rule had been established in Florida, that marital relationship between the parties is necessary as a basis for allowance-of attorney’s fees and suit money in such-proceedings. Carson v. Oldfield, 99 Fla. 862, 127 So. 851, 853; Vinson v. Vinson, 139 Fla. 146, 190 So. 454, 456; Davis v. Davis, 143 Fla. 282, 196 So. 614, 615; Slade v. Slade, 153 Fla. 125, 13 So.2d 917, 919.
Chapter 21881, Sections 1-3, Laws of Florida, 1943, passed to give relief in such *722 cases, was held invalid in certain particulars in Chiapetta v. Jordan, 1944, 153 Fla. 788, 16 So.2d 641, and was repealed by Chapter 22858, Section 7, Laws of Florida, 1945. The statute was re-enacted in a different form by Chapter 25037, Sections 1, 2, Laws of Florida, 1949, and now appears as Section 65.16, Fla.Stat., F.S.A., as follows :
“(1) Whenever any legal proceeding is brought for the purpose of enforcing a decree or order of the court, providing for the payment of alimony or support for children, the court may, in the exercise of a sound judicial discretion, allow to the divorced wife such sums of suit money, including a reasonable attorney’s fee, as from the circumstances of the parties and the nature of the case shall be fit, equitable and just.
“(2) Any order so made under the provisions of this section shall be enforced in the same manner as are other chancery orders or decrees.”
That statute concerns allowances to an ex-wife in proceedings for enforcement of a decree or order for alimony or child support. It is not applicable in the case of a suit or proceeding by an ex-wife to set aside a divorce decree for fraud. See McNeill v. McNeill, Fla.1952, 59 So.2d 57; Selinsky v. Selinsky, Fla.1952, 62 So.2d 24; Simpson v. Simpson, Fia.1953, 63 So.2d 764; Haynes v. Haynes, Fla.1954, 71 So.2d 491.
The chancellor, in his final decree, showed clearly his awareness of the rule when he refused to grant the request of the ex-wife for attorney fees, placing his refusal on the ground of the absence of marital relationship. But his denial of attorney’s fees requested on final hearing did not cure the pendente lite order by which attorney’s fees and suit money had been allowed the ex-wife, and as to which appellant had assigned error.
Therefore, the judgment and opinion of this court dated September 17, 1957, is amended to eliminate our approval of the chancellor’s pendente lite allowance to the former wife of $500 attorney’s fees, and $300 for travel expenses (see Slade v. Slade, supra), which allowances the chancellor was without authority to grant her; and the order of the lower court allowing such attorney’s fees and suit money pen-dente lite is reversed.
It is so ordered.
CARROLL, CHAS., C. J., and HORTON and PEARSON, JJ., concur.