SHANNON, Judge.
This is an appeal from a decree modifying a final divorce decree. On April 15, 1957, the final decree was entered by the chancellor in Polk County, Florida, granting a divorce and ordering the defendant, James Edward Walden, Jr., to pay as alimony and support the sum of $700 per month, as set out in a property settlement agreement which was approved by the final decree of divorce. According to the property settlement agreement the defendant agreed to pay the plaintiff the sum of $700 per month, $300 of which constituted ali *816 mony for the wife and $400 of which constituted support for the four children of the parties. The defendant further agreed to assign a certain amount of the capital stock of Jim Walden Marine Supplies and Service, Inc., together with certain stock in Sternwheeler’s Co., to the plaintiff. The agreement further provided for the payment of $3,500 by defendant as attorneys’ fees, with the provision that the defendant should continue to pay his wife $700 per month, even though she remarried, until such time as the attorneys’ fees had been paid in full. The property settlement agreement contained several other provisions which are not necessary to this decision.
On May 5, 1958, plaintiff filed her petition for a rule to show cause in which she alleged that the defendant was $2,775 in arrears, and had not transferred the stock above described. It was stipulated by the parties at the time of the hearing on August 29, 1958, that the defendant was in arrears in the sum of $6,050, exclusive of the stock. The defendant filed a petition for modification of the final decree of divorce on August 4, 1958. In the record is an instrument entitled “Receipt and Satisfaction of Docket,” which is signed by the plaintiff under date of October 7, 1958, wherein it is recited as follows:
“Receipt and Satisfaction of Docket to the Circuit Court Clerk of Polk County Florida
“This is to authorize you to satisfy the Court Docket and record in your court for all claims due me and amounts awarded me in connection with my divorce decree against James E. Walden, Jr. being Docket No. 47515-6155 in your court. This covers everything I am entitled to but does not affect award to my children for future child support. This case was compromised for $4000.00 in cash which I preferred over monthly payments over a period of time and my former husband discounted his business inter-
ests in Memphis, Tenn. that enabled him to pay me in cash. This does not apply to future child support. It only settles all past award for child support. “Witness
“Signed this 7th day of Oct. 1958.
“Clara B. Walden Matthews”
Whether or not this instrument got into the record at an ex parte hearing we are not advised. Suffice to say that the attorneys for plaintiff were not present and had no opportunity to either object to its admission or cross-examine on the above instrument. On November 7, 1958, the chancellor entered his final decree from which this appeal ensued, decreeing on petition for modification of the final decree that, among other things the plaintiff would be paid $150 per month for the use and benefit of all the children (the plaintiff had remarried prior thereto) and decreeing the sum of $600 to the plaintiff’s attorneys. The decree also contained the following:
“1. Ordered, adjudged and decreed:
“That the defendant, James Edward Walden, Jr., and the plaintiff, Clara Bernice Walden, have amicably settled and compromised their differences as to delinquent child support, alimony, and past due attorneys’ fees, and that the plaintiff, Clara Bernice Walden, has signed a release, releasing the defendant, James Edward Walden, Jr., from all claims or liabilities due to his failure to pay past due child support, alimony, and past due attorneys’ fees, and, therefore, the defendant, James Edward Walden, Jr., is hereby relieved from any and all liability arising therefrom, and defendant has purged himself from all past contempt.”
The plaintiff has raised five points of law. We see no need for treating the points separately, and will discuss the case as a whole.
The record shows that the divorce decree was entered on April 15, 1957, and that the *817 plaintiff remarried during March of 1958. In the original decree, therefore, the $300 per month alimony allowed should be eliminated as of the date of said marriage.
A vast amount of testimony was taken, and several hearings were held before the chancellor below. From the record it is clear that there was considerable acrimony displayed. From the evidence as a whole it appears that the property agreement at the time of the final decree was not onerous to the defendant. When the rule to show cause was issued and the defendant filed his petition for modification of the decree, there was little, if any, difference in his potential income, and, consequently, there having been no substantial change in the condition of the parties, including the three children remaining at home with the plaintiff, since the entry of the final decree of divorce, the evidence does not authorize a modification as to the support for the three children. See Chastain v. Chastain, Fla.1954, 73 So.2d 66; Slade v. Slade, 1953, 153 Fla. 125, 13 So.2d 917.
The so-called release or receipt, mentioned above, was apparently filed in the record on the same day the final decree was entered without an opportunity for the plaintiff’s attorneys to object or to cross-examine concerning it. In other words, it was an ex parte instrument and not properly before the court. The chancellor in entering the final decree must necessarily have considered this release.
Having held that there was no substantial change in the financial condition of the parties that would justify a modification of support for the three children and having held that there was no issue raised as to the release, and no opportunity to raise the issue as to such release, this cause will have to be sent back to the chancellor for the purpose of determining, in the light of this opinion, the rights of each party thereto.
On the question of attorneys’ fees for the wife, the chancellor granted $600 which included certain costs. In view of the fact that not all the issues are settled in this case, it would be inappropriate for this court to pass on the allowance to the wife’s attorneys. When the issues are concluded by final decree the chancellor can then assess a reasonable fee, exclusive of costs, covering this entire case, with the exception of the attorneys’ fees to be allowed to the wife’s attorneys for services in this court. The fee for representation of the plaintiff in this court is fixed in the amount of $350.
The final decree of the chancellor is reversed for proceedings not inconsistent herewith.
Reversed.
ALLEN, C. J., and REVELS, P. B., Associate Judge, concur.