SHANNON, Judge.
The plaintiffs brought this appeal from an adverse decree in an equity suit. In the action below, deceased’s widow and his executrix sought to set aside a bill of sale given by the deceased to his brother. The bill of sale concerned a bar and tavern which the brothers had previously operated in partnership.
Lexir Courington and his brother Wilton purchased the bar in 1950 and operated it as partners. In 1953 the deceased, Lexir, married Alice Courington. It appears from the record that this marriage was not tranquil and that Alice brought suit against her husband several times for support. A divorce suit was pending at his death. Furthermore, the plaintiffs have alleged that Lexir was addicted to alcohol and because of certain criminal charges in his past the beverage license for the bar was taken in Wilton’s name. Wilton actually managed the bar, devoting the major part of his time *65 to the business. Lexir, it seems, only appeared occasionally on the premises.
In 1954 Lexir executed a bill of sale to his brother for his interest in the business. The appellants charged in their complaint below that the bill of sale was a fraud and that it was made without consideration to Lexir’s wife and while Lexir was under the control and domination of his brother. It appears from the record that even after the bill of sale was executed, Lexir received the same percentage of profits from the business as when it started. There are sharp conflicts in the testimony, which was taken before the chancellor. However, the plaintiffs’ evidence was weak, and the chancellor upheld the validity of the bill of sale.
It would answer no purpose here to set out a resume of the evidence introduced by both sides to this controversy. Suffice it to say that this court thinks there is more credible evidence sustaining the position of the defendants than there is on the part of the plaintiffs. It is incumbent upon the plaintiffs to prove their allegations of fraud and undue influence, and if they fail to meet this burden, the chancellor has no choice but to uphold the instrument. Welbourn v. Cohen, Fla.App.1958, 104 So.2d 380; Graessle v. Schultz, Fla.1956, 90 So.2d 37; Adams v. Saunders, 1939, 139 Fla. 730, 191 So. 312.
This court, as have all other appellate courts in this state, takes the position that the findings of a chancellor on testimony taken before him have the same effect in the appellate court as does a jury verdict. It is neither proper nor within the power of this court to substitute our judgment for that of the chancellor below where the record does not clearly disclose any error in his findings or that his discretion has been abused.
Affirmed.
ALLEN, C. J., and KANNER, J., concur.