132 So.2d 437 (1961)
Walter BUTLER, Appellant,
v.
Shirley Riedel BUTLER, Appellee.
No. 61-258.
District Court of Appeal of Florida. Third District.
August 28, 1961.
Patton & Kanner, Miami, for appellant.
Cain & Isis, Miami, for appellee.
Before PEARSON, TILLMAN, C.J., and HORTON and CARROLL, JJ.
PER CURIAM.
This is an appeal from a post decretal order in a divorce suit. The orders appealed are: (1) an order modifying final decree of divorce; and (2) an amended order modifying the same decree. Both orders appealed were entered as a result of the same hearing.
The appellant and the appellee entered into an extensive property settlement *438 agreement dated April 8, 1960. A final decree of divorce was entered on May 24, 1960 and this decree "ratified, approved and confirmed in all respects" the property settlement agreement between the parties. Thereafter on November 4, 1960 the former wife filed a motion entitled "Petition for Interpretation of Portions of Property Settlement Agreement." The Chancellor correctly considered this petition as a petition for modification of the final decree.
After the taking of testimony the chancellor granted the modification of the decree in certain respects. It is this order which is appealed and we reverse in part.
The agreement which was made a part of the final decree provided that the mother should have custody of the children and that the children should be raised in the Roman Catholic Church. It was also agreed that the mother would give the children a proper Roman Catholic education, if such should be reasonably available.
The father has appealed the orders modifying the final decree and assigns as error, first, that portion of the order which allows the mother to enroll certain of the children in a private, non-Catholic school, and, second, that portion of the order which requires the father to pay the additional expenses of the private school. He argues that the chancellor was without power to make the changes. This position is not well taken. Decrees pertaining to the welfare of the children are, in a sense, interlocutory and because of this they may be modified, from time to time, as the welfare of the children requires. Lee v. Lee, 157 Fla. 439, 26 So.2d 177; Bezanilla v. Bezanilla, Fla. 1953, 65 So.2d 754; Schraner v. Schraner, Fla.App. 1959, 110 So.2d 33; Johnson v. Johnson, Fla.App. 1959, 114 So.2d 338.
It is next urged that the chancellor erred because the record is devoid of a legal basis for the changes mentioned. The power of a chancellor to modify a final decree of divorce in accordance with the welfare of the children is one which must be carefully used. An examination of the record in this case reveals that it was not shown that the welfare of the children would be advanced by the changes made. It appears that there was certain difficulty and inconvenience to the mother in carrying out the provisions of the agreement she had made. This is not sufficient reason to modify and change the agreement of the parties which the court has ratified. Cf. Eisinger v. Eisinger, Fla. 1957, 95 So.2d 502; Stanley v. Stanley, 158 Fla. 402, 28 So.2d 694.
It having been determined that there was no basis in the testimony for an order modifying the final decree by changing the provisions for the children's schooling, it follows that the provision changing the amount of support which the father is to be required to pay in the future for the different schooling must also be reversed. But the amount which the father is ordered to pay for expenses already incurred by the mother at the time of the hearing is not shown to have been improperly incurred; therefore, the portion of the order of March 3, 1961, directing the father to pay certain amounts for schooling already received by the children, is affirmed.
Accordingly, the orders appealed are reversed in part by striking from the order of March 3, 1961, paragraphs numbered "1. a." and "1. c." and by striking from the order of April 20, 1961, paragraphs numbered "1. (a)" and "1. (b)" and paragraph number "2." In all other respects the orders are affirmed.
Affirmed in part and reversed in part.