146 So.2d 914 (1962)
Nina M. CHERNEY, Appellant,
v.
Rudolph CHERNEY, Appellee.
No. 62-219.
District Court of Appeal of Florida. Third District.
December 4, 1962.
Rehearing Denied December 11, 1962.
Carey, Goodman, Terry, Dwyer & Austin and Joseph A. McGowan, Miami, for appellant.
Morris Berick and Raphael K. Yunes, Miami Beach, for appellee.
Before HORTON, CARROLL and BARKDULL, JJ.
BARKDULL, Judge.
The appellant, who was defendant and cross-plaintiff in a divorce proceeding, appeals from a final decree wherein the chancellor dissolved the matrimonial bonds between the parties, approved certain property exchanges in lieu of periodic alimony, awarded to her the care, custody and control of the two minor children [ages 10 and 11 at the time of the final hearing], and $17.50 a week for support for each of the minor children. Upon this appeal, she urges error in the amount of the support awarded, contending that the award is inadequate and, therefore, the chancellor abused his discretion in such an allowance.
An examination of the record fails to disclose any abuse of discretion on the part of the chancellor in adjudicating the amount of $17.50 per week for each of the children. It is not the function of an appellate court to substitute its judgment for that of the chancellor. If the record supports his findings and fails to reveal any abuse of discretion, such findings should be sustained. See: Northern Investment Corporation v. Coppack, 134 Fla. 168, 183 So. 635; Florida Telephone Corporation v. State, Fla.App. 1959, 111 So.2d 677; Courington v. Courington, Fla.App. 1960, 120 So.2d 64.
Therefore, we affirm the award of support as made by the chancellor in his final decree. This, of course, is without *915 prejudice to the appellant to petition the court, pursuant to its inherent jurisdiction over the affairs of minor children, for an increase in support for both or either of the minor children at such time as she is able to demonstrate [upon an appropriate hearing before the chancellor] that there has been a sufficient change of circumstances to warrant an adjustment in the amount awarded as support, which change in circumstances may be either an increase in the ability of the father to contribute more support for the maintenance of these children, or an additional need of the children. See: 10 Fla.Jur., Divorce, etc., § 276.
Affirmed.