HENDRY, Judge.
Appellee, Rose Belle Harvard, sued her husband, William A. Plarvard, for separate maintenance unconnected with causes for divorce pursuant to § 65.10 Fla.Stat., F.S.A. The husband answered by denying the material allegations of her complaint. He also asserted a counterclaim for divorce in which he charged the plaintiff with adultery and extreme cruelty, and further prayed for custody of their children.
The chancellor heard the testimony and entered the following decree:
“ORDERED, ADJUDGED and DECREED :
“1. That this Court have jurisdiction of the parties and the subject matter of this cause, that the equities are with the Plaintiff and Counter Defendant, and that the Defendant and Counter Plaintiff is guilty of acts of extreme and repeated cruelty, and the Plaintiff is entitled to the relief prayed for in her Bill for Separate Maintenance in this Court.
“2. That the Defendant and Counter Plaintiff’s Counter Claim for divorce is hereby denied for insufficiency of competent evidence.
“3. That the Plaintiff shall have the care, custody, and control of Shirley Inez, Linda Maria, William Gary and Doris Ann, with the defendant being granted reasonable visitation rights.
“4. That the defendant is ordered to pay to the Plaintiff the sum of $15.00 per week as alimony to be paid out of the proceeds of the income of the Plaintiff’s and Defendant’s property to wit, apartment house located at 795 -N.W. 61st Street, Miami, Florida.
“5. That the Defendant is ordered to pay to the Plaintiff the sum'of $10.00 per week for support money for each of the minor children, which is to be for Shirley Inez, Linda Maria, William Gary and Doris Ann, making a total of $40.00 per week for child support and' continue until the minor children reach majority.
“6. That the Defendant and Counter Plaintiff is to pay to Engel and Pollack as Attorneys’ fees forthwith the sum of $500.00 (Five Hundred Dollars).
“7. That the Court retains jurisdiction in this matter to make any further orders which may seem mete and proper in equity.”
The record reflects that the parties began living together in 1950 when the defendant told the plaintiff that if she came to live with him, she would not have to pay rent any more. After they had lived together about 4 years, they agreed to a common law marriage. Four children were born during this relationship. However, the husband contends that the youngest child is not his and could not be his because he was physically incapable of fathering a child at the time it was conceived. The physical impairment from which the husband suffers was caused by injuries he received in 1957 when a heavy roll of paper fell upon him and severed his spinal cord, resulting in his being totally and permanently paralyzed from his waist down and his being declared, by the Florida Industrial Commission, to be totally and permanently disabled.
A settlement of his claim for his injuries was consummated and resulted in the parties getting possession of a 12 unit apartment house and the income therefrom, estimated *716 by the wife to be between $800 and $1,000 per month. (The evidence is not clear as to how title is held.)
Sometime in 1961 plaintiff left the apartment when the defendant threatened to shoot her with a pistol if she did not leave in 15 minutes. Plaintiff testified that she then rented a room from a man who was living in a 2 bedroom apartment; that the children slept in the bedroom and she slept in the living room and that she paid $10 per week rent for the accommodations. She denied the husband’s accusations of misconduct while living with this man under such an arrangement.
The husband further charged her with keeping company with other men and coming home after 2:00 o’clock in the morning and breaking glass jalousies in the door to get in the house. He also offered evidence that she had spent the night with another man while she was away from home. There was also testimony charging her with being in the hospital as a result of an abortion which she had approximately 5 months after she ceased living with defendant and several years after his alleged physical incapacity. These charges were all denied by the plaintiff.
The appellant-husband contends that there was insufficient evidence on which to base the final decree of separate maintenance and that the final decree is contrary to the manifest weight of the evidence. His next contention is that the court erred in awarding alimony, child support, and attorneys’ fees to the plaintiff. There is also a contention that the court erred in denying defendant’s motion to enlarge the record.
We have carefully considered all of the appellant’s contentions and find them to be without merit. The fact that this court, sitting in the place of the chancellor, might have arrived at a different conclusion, would not, by itself, warrant disturbing the decree. It is a well-settled rule that issues of fact determined by the chancellor will not be disturbed unless he appears clearly to have been wrong. If the record supports his findings and fails to reveal any abuse of discretion, such findings should be sustained. Sorrells v. Sorrells, Fla.1951, 53 So.2d 645; Rudolph v. Rudolph, Fla.App. 1962, 146 So.2d 397; Cherney v. Cherney, Fla.App.1962, 146 So.2d 914. Our review of the entire record convinces us that there is sufficient evidence to sustain the chancellor’s views and that the record fails to disclose any abuse of discretion on his part.
Accordingly, the decree appealed is affirmed.
Affirmed.