HENDRY, Chief Judge.
This is an appeal from an order modifying a final decree of divorce. The chancellor increased the child support to $35.00' per week and required the appellant-father to become responsible for all reasonable medical and dental expenses.
The final decree of divorce was entered on May 26, 1958. It provided for the payment of $25.00 per week for the support of two children. At the time of divorce, the father was earning $400.00 per month and was not indebted. The final decree was previously modified to expand the father’s visitation rights and to require him to pay additional monies for the private schooling of his minor son.
Presently, only his minor son, who is ten years of age, is relying upon the father for *326 support. The appellee-mother testified that she felt $50.00 per week would be sufficient to support the child. There is no other evidence of the child’s needs, other than the fact that he is now ten years old and has additional clothing and food expenses.
The father was employed with “Florida Juice” until February 13, 1965. Following this, he was unable to secure employment. He worked briefly in the grocery business but suffered an illness and was hospitalized. He is presently a real estate salesman. In 1964, he earned $7,130.00; in 1965, 1,740.-00; and for the first three months in 1966, $1,130.00. He remarried in 1963 and there is evidence concerning the wealth and generosity of his present wife.
The appellee had the burden of showing a sufficient change in circumstances to warrant an adjustment in the amount awarded as support, which change may be either an increase in the ability of the father to contribute more support, or an additional need of the child.[1]
Although the final decree of divorce provided that the father pay $25.00 per week in support of his two children, one has since married and the father testified that he is willing to pay $25.00 per week in support of his minor son alone. He also testified that he is presently contributing to his son’s medical and dental expenses and has offered to do so in the future.
Therefore, we affirm that portion of the order requiring the father to pay reasonable medical and dental expenses incurred for and on behalf of his son. However, there is no evidence that the needs of the one child are such as to justify the increase in support payments nor that the father has the ability to contribute more. The evidence concerning the wealth of the father’s present wife does not indicate that it has enhanced his income to an appreciable' extent.[2]
We have determined that the evidence does show that the father is able to contribute $25.00 to the support of his minor son. Thus, that portion of the order increasing' the child support payments to $35.-00 per week is reversed and the cause remanded with directions to modify the final decree of divorce by ordering the father to pay $25.00 per week in support of his minor son.
Affirmed in part, reversed in part and remanded.

. Cherney v. Cherney, Fla.App.1962, 146 So.2d 914.

. See Slade v. Slade, 153 Fla. 125, 13 So.2d 917 (1943).