WILLIAM L. DURDEN, Associate Judge.
On August 1, 1960 .the circuit court entered a final decree of divorce which approved a property settlement agreement entered into between .the parties.
The agreement provided that the husband should pay to the wife $9,000.00 per year as alimony, payable at the rate of $173.00 per week and further provided for the pay■ment of support money for .two children in the amount of $4,000.00 per year, payable at the rate of $77.00 per week. As will be observed, this is only $38.50 per week per child.
The property settlement agreement is some eleven pages long and covers in detail many provisions and conditions. The wife was permitted to occupy the marital home and the husband was required to make the mortgage payments, pay taxes, and keep it in good repair. It was further provided that in the event she did not live in the home .that he would provide an additional allowance for an apartment. The wife and children, quite some time ago, moved out of the house and the court has heretofore established reasonable rental payments ranging between $200.00 and $300.00 per month.
It appears quite clear that it was the intent of the parties to make certain living quarters were provided for the wife and for the children at the husband’s expense.
By reason of her recent remarriage the wife lost the $9,000.00 per year alimony and the right to an allowance for living quarters. Unfortunately and inequitably the total allowance for living quarters was determined by her marital status. The stipulation and the decree failed to recognize the continuing obligation of the father to provide this element of support for the children regardless of the marital status of the wife.
The wife filed a petition for modification requesting that she be allowed a fixed sum of $200.00 per month to provide shelter for the children; to increase the support payments to $500.00 per month for both children and to require the husband to pay the cost of prescribed orthodontic treatment for the children. Following a hearing the court entered two orders modifying the final decree. These orders required the husband to pay to the wife $100.00 per month as a housing allowance for the children; required the husband to provide orthodontic treatment for the two children not to exceed a total of $2,250.00 and otherwise denied the petition for modification. It is these orders which have been appealed to this court.
The amount of these allowances are not really in dispute since they were within the range of the testimony and the discretion of court.
The sole issue of law involved in this appeal is whether or not a chancellor has the right to modify the provisions of a final decree of divorce regarding support money and medical expenses for minor children where the decree is based upon an approved stipulation between the parties.
The appellant does not cite a domestic relations case but simply quotes from two contract cases which hold that “[t]he absence of a provision from a contract is evidence of an intention to exclude it rather than an intention to include it”. Home Development Company of St. Petersburg v. Bursani, Fla.Sup.Ct. 1965, 178 So.2d 113, citing Azalea Park Utilities, Inc. v. Knox-Florida Development Corp., Fla.App. 1961, 127 So.2d 121; 12 AmJur., Contracts, Section 239.
The statutory authority of the court is set forth in Section 65.14 wherein it is provided :
“In any suit for divorce or alimony, the court shall have power at any stage of the cause to make such orders touching the care, custody and maintenance of the children of the marriage, * as *15 from the circumstances of the parties and the nature of the case may be fit, equitable and just”.
The literal language of this statute places upon the court the responsibility and gives to it the authority to exercise continuing jurisdiction on all matters relating to the children of the marriage. If this decree which is now before the court included findings and conclusions of the chancellor, based upon the evidence, as .to proper allowances, no one would even assert that the court had no authority to modify the terms of such a decree.
The fact that these issues were stipulated to merely avoided the necessity of a determination by the court but obviously it cannot be successfully contended that such a provision has any higher dignity than one determined by the court. It is .true that a Stipulation is in the nature of a binding commitment by the parties who signed it and .pretty generally the appellate decisions have confirmed the inability of the parties to modify, as to themselves but this should never be extended to foreclose the court’s power .to review “at any stage” the equitable nature of provisions relating to the welfare of the children.
The authority of a chancellor to modify the terms of a final decree relating to support of children even though the decree is based upon a stipulation was clearly set forth in Lee v. Lee (1946, 157 Fla. 439, 26 So.2d 177). In that case the court held that the agreement between the parties as to alimony is binding upon the former wife but that the chancellor did have authority to and should have increased support allowances for the children beyond that provided for in the stipulation and in the decree. The court stated:
“So, she was estopped by the terms of her contract and by that final decree from claiming any relief against the defendant in her own behalf, not contemplated by that contract or decree. This condition, however, does not apply to the status of
the two minor children during their respective minorities. We know of no rule of law by which a father may by contract obviate or impair his obligation to support his minor children * *
This conclusion is confirmed in .the case of Stanley v. Stanley, 1947, 158 Fla. 402, 28 So.2d 694. The final decree in that case was likewise based upon a stipulation but despite this the father was required ho pay medical bills in addition to such allowances and the allowances for the support of each of the two sons was increased from $100.00 to $150.00 per month. Incidentally, the Supreme Court opinion was handed down in 1947 and it states:
“The court will take judicial knowledge of the fact .that the cost of living has increased since 1942, and if such were not the case, the same is established by the testimony of appellant; this is shown by his expenses in providing for his sons during the period they were with him.”

“The trial court evidently found and determined that under the changed and changing conditions, the sum stated in the first decree was not sufficient to adequately provide for their usual and ordinary expenses to their care and support.”
There, the same as here, neither the reasonableness nor necessity of the medical bills was questioned. As a matter of fact, the appellant here admits the necessity of such treatment.
The Lee and Stanley cases are the leading and most articulate cases reflecting .the Florida law; however, they are not the only cases, nor are they the latest cases in point of time. Perla v. Perla (Fla.1952) 58 So.2d 689, 690; Sedell v. Sedell (Fla.App. 1st Dist., 1958) 100 So.2d 639, 642; and Butler v. Butler (Fla.App. 3rd Dist., 1961) 132 So.2d 437, 438. In Sedell, the court, while citing the Lee case with approval, wrote as follows:
“Provisions of a separation agreement or final decree relating to the support, *16 care and custody of children are always subject to review and approval by the court, the guiding star being the best interest and welfare of the children.”
In Butler the court stated:
“Decrees pertaining ,to the welfare of the children are, in a sense, interlocutory and because of this they may be modified from time to time, as the welfare of the children requires.”
The fact that the parties’ children are older .than they were at the time the property settlement agreement was executed is of considerable consequence. This court in Boyle v. Boyle (Fla.App. 3rd Dist., 1964) 164 So.2d 566, 568, stated:
“If and when additional support may be needed for the child, as it advances in age, those circumstances may be the basis of consideration by the court for further modification of the decree.”
As this court stated in Cherney v. Cherney (Fla.App. 3rd Dist., 1962) 146 So.2d 914, and affirmed as recently as Simmons v. Simmons (Fla.App. 3rd Dist., 1966) 192 So. 2d 325, an increase in child support can be granted whenever it is demonstrated:
“[Tjhat .there has been a sufficient change of circumstances to warrant an adjustment in the amount awarded as support, which change in circumstances may be either an increase in the ability of the father to contribute more support for the maintenance of the children, or. an additional need of the children.”
There should be no misunderstanding by the bench or bar on this point of law. Under Section 65.14; by reason of all equitable principles; and because of the continually demonstrated necessity, the chancellor has the power, where circumstances warrant such conclusion, to modify its decree relating to the maintenance and support of children. This authority exists whether the .terms of the decree are based on stipulation or on findings and conclusions of the court. The dignity of a decree can neither be increased nor diminished so far as children are concerned, by any action of the parents. Just a little experience in the field of domestic relations will convince anyone that quite frequently the court must act contrary to the wishes of both parents when it is determining what is for the best welfare of children, including their maintenance. Its power to do so should not be mitigated when it is clear that the statute intends to confer upon the courts the outside limits of jurisdiction and authority.
The orders of the chancellor modifying the decree are affirmed.
Affirmed.