## THOMPSON v. THOMPSON.

No. 4106.

Circuit Court, Lake County.

February 10, 1971.

Jon S. Rosenberg, Orlando, for the plaintiff.

William H. Corbley, Orlando, for the defendant.

W. TROY HALL, Jr., Circuit Judge.

This cause came on to be heard on August 20, 1970, pursuant to petition for modification of final judgment of divorce filed by the plaintiff. Both parties testified at the hearing and certain documents were admitted in evidence with respect to the plaintiff's needs.

The court finds that the parties were married on October 12, 1951, and that two children, Walter Scott Thompson and Cynthia Kay Thompson, were born as a result of the marriage. The parties were divorced from each other pursuant to final judgment of divorce entered by this court on May 12, 1969. At the time of the divorce the children of the parties were approximately six and four years old, respectively, and they are now approximately one and one-half years older than they were at the time of the divorce.

The final judgment of divorce was based upon testimony offered by the plaintiff and her corroborating witness and upon an "Agreement on Separation, Custody and Property Settlement," marked plaintiff's exhibit A at the final judgment hearing and made a part of the final judgment of divorce. Among the provisions of that judgment it was ordered that the defendant pay $250 per month child support for the children, and the sum of $300 per month alimony for the plaintiff. It appeared at the time of the divorce and it was admitted at the hearing by all parties that the property settlement agreement was voluntarily and freely entered into by both parties, that there was no coercion, fraud, duress, mistake, inadvertence or other matters involved which would cause the property settlement agreement not to be a free and voluntary agreement of the parties. It further appears that both parties have, for the most part, complied with the terms of that agreement and the final judgment incorporating the agreement.

It appears from the testimony adduced at the hearing that both of the children are in need of special education — Walter Scott, for the reason of his hearing problem found by this court to be a matter requiring special attention and schooling, and for Cynthia Kay, for the reason that she was found to be excelling in her schooling and in need of especially qualified education so that her full potential might be developed. The court finds, therefore, that the best interests of both children will be served by their remaining in the Open Air School in Orlando.

The court further finds that the defendant, prior to the institution of these proceedings, made additional payments and supplied additional items of clothing, food, and miscellaneous items voluntarily, to supplement the needs of the plaintiff and the children, and further finds, as a result thereof and as a result of the other testimony and evidence considered by the court, that these items were, in fact, necessary to sustain the plaintiff and the children in the manner in which they are accustomed to living. Additionally, there was overwhelming evidence of the plaintiff's vastly increased needs for herself and the children at the time of the hearing, as compared to the time of the entry of the final judgment of divorce, for their basic necessities and sustenance.

There was further evidence that the plaintiff has and continues to have a chronic ear ailment, requiring medical attention from time to time, and that the children have increased needs for medical attention, from time to time.

The court further finds that the defendant has the ability to provide to the plaintiff additional sums for the support of the plaintiff and the children — it was shown that the defendant has substantial real estate investments, personally, and continues to operate a successful insurance and real estate brokerage corporation, owned exclusively by himself.

Florida Statute 61.14, subsection 1, provides as follows —

> When a husband and wife have entered or hereafter enter into an agreement for payments for, or instead of, support, maintenance or alimony, whether in connection with an action for divorce or separate maintenance or with any voluntary property settlement or when a husband is required by court order to make any payments to his wife, and the circumstances of the parties or the financial ability of the husband has changed since the execution of such agreement or the rendition of the order, either party may apply to the circuit court for a judgment decreasing or increasing the amount of support, maintenance or alimony, and the court has jurisdiction to make orders as equity requires with due regard to the changed circumstances and the financial ability of the husband, decreasing or increasing or confirming the amount of separate support, maintenance or alimony provided for in the agreement or order.

The recent case of Cordrey v. Cordrey, 206 So.2d 234 (2nd D.C.A. Fla. 1968), at page 241, stated —

> Under Florida Statute 65.15, F.S.A. [forerunner of the above cited statute], in order to modify the agreement it is necessary to show one of two things: either the circumstances of the parties have been changed since the execution of such agreement or the financial ability of the husband shall have been changed since the execution of such agreement.

Butler v. Butler, 132 So.2d 437 (3rd D.C.A. Fla. 1961), is authority for this court to provide for continuing special education needs for the children of the parties.

The universally recognized ground for modification of a judgment for child support is a substantial change in the circumstances of the parties since the entry of the final judgment. See 10 Fla. Jur., *Divorce*, §198; 18 A.L.R.2d 10; 17 Am. Jur., *Divorce and Separation*, §651.

In accordance with these findings, it is ordered and adjudged —

That the defendant, Walter L. Thompson, is ordered to pay as child support for the minor children of the parties the additional sum of $100 per month, or a total of $350 per month for child

support; also the defendant shall pay as additional alimony to the plaintiff the sum of $50 per month, or a total of $350 per month for alimony; said payments shall commence on March 1, 1971, and shall be paid monthly thereafter until further order of this court. All future child support and alimony payments shall be paid directly to Frank E. Owens, clerk of the circuit court, Lake County. Said clerk shall promptly remit said payments to the plaintiff, whose mailing address is 4235 Kendrick Road, Orlando, and assess as costs for handling each payment made by the defendant the sum of $1, which sum the defendant is to pay to the clerk each time he pays a payment to the clerk. Said payments, plus costs are to be made by cash, postal money order, bank money order, bank draft, cashier's check, or certified check.

That the defendant is ordered and directed to pay the tuition and other school fees of the children of the parties for their schooling at the Open Air School in Orlando, as such tuition and school fees arise.

That in all respects not inconsistent herewith, each and every matter set forth in the final judgment of divorce entered in this cause on May 12, 1969 is ratified and confirmed.

That the plaintiff and the defendant shall each, respectively, pay his or her own attorney's fees and costs of this proceeding.