PER CURIAM.
Plaintiff, former wife of defendant, brought a petition for modification of the child support provisions of their 1963 divorce decree. Plaintiff was awarded a total of $50.00 per month child support for their two minor children by the final decree in 1963. After a hearing the judge dismissed the petition for modification because of insufficient evidence. The plaintiff wife has appealed.
The record shows the father was earning $509 per month as salary from the City of Miami at the time of the award of $50 per month for support of the two minors in 1963. The children are two boys who were 16 and 13 at the time of the hearing on the petition. The father has received cost of living increases periodically since 1963 and was receiving approximately $980 per month salary or a total of $11,327.51 as salary from the City at the time of the final hearing on the petition. He was also receiving a Veteran’s pension of $60 per month at the time of the final hearing.
*865 The record shows the husband’s ability to contribute support for the maintenance of his minor children has increased substantially since 1963. There was also evidence that the childrens’ need for additional support and maintenance had increased during the seven years from the time of the final decree. There was evidence of certain obligations on the part of the husband and certain assets and obligations on the part of the wife.
We hold, however, that plaintiff did establish a prima facie case and the trial court abused its discretion in not making some award which increased the child support payments from defendant to the plaintiff. See Stanley v. Stanley, 158 Fla. 402, 28 So.2d 694 (1947); Sirkin v. Sirkin, Fla.App.1967, 204 So.2d 13; and Cherney v. Cherney, Fla.App.1962, 146 So.2d 914.
The order dismissing the petition for modification is, therefore, reversed and the cause remanded for further proceedings in accordance herewith.
It is so ordered.