319 So.2d 187 (1975)
Elaine SIEGEL, Appellant,
v.
Leonard ZIMMERMAN, Appellee.
No. 75-310.
District Court of Appeal of Florida, Third District.
September 2, 1975.
Rehearing Denied October 15, 1975.
*188 Paul A. Louis and Neil A. Shanzer, Miami, for appellant.
Blackwell, Walker, Gray, Powers, Flick & Hoehl and J. Frost Walker, III, Miami, for appellee.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PEARSON, Judge.
The order appealed denies a former wife's petition for increased child support. There is no question but that "the circumstances or the financial ability"[1] of the parties has changed since the execution of the agreement and this the trial judge so found.[2] The question presented here is whether the evidence viewed in the light most favorable to the trial court's decision demonstrates an abuse of discretion by the judge upon his order denying an increase *189 in child support. See Pross v. Pross, Fla. 1954, 72 So.2d 671; Rogoff v. Rogoff, Fla. App. 1959, 115 So.2d 456.
In deciding this question upon this record, it is incumbent upon us to take into consideration Fla. Stat. § 61.13, which places "... upon the divorced wife an equal duty of contributing to the support of the parties' minor children" (Birge v. Simpson, Fla.App. 1973, 280 So.2d 482). We hold that the record does show an abuse of discretion and, accordingly, we reverse the order denying relief and remand with directions.
The appellant is Elaine Siegel. She is the mother of the two children for whom support was sought. She is now remarried, and her present husband is well able to support her. The appellee is Leonard Zimmerman. He is the father of the children and is a medical doctor who earns a substantial income. He is now also remarried.
The parties were married in 1965. There were two children born of the marriage, Randy who is five years old and Buffy who is six. The mother is a college graduate. She taught school during the first three years of the marriage, which was dissolved in 1972 by a judgment which approved an agreement made earlier that year. The father's gross reported income during 1971 was $12,498.00. The agreement provided that the father should pay $200 per month for the support of the two children. Alimony and house payments were also provided. The agreement further provided that in the event that the mother remarried, the amount of the child support payment would be increased to $300 per month. The father testified that the agreement was executed in contemplation that he would be going into private practice as a medical doctor and that his income would increase. The doctor's gross income was approximately $30,000.00 in 1972, the year of the divorce. Although there are grounds for a belief that the estimate is low, the father projects his 1975 gross income at about $59,000.00, which is slightly lower than the $60,000.00 admitted for 1974.
The mother claimed increased needs for the children because of the increased cost of living in general and in particular because the children have grown older and their expenses have, therefore, increased. She testified that attendance in a private Hebrew school is necessary for the proper development of the children. While there is nothing in this record to require the Court to adopt this view, it is clear that such view is not unreasonable in light of the financial position and life styles of both parents.
The record clearly shows a change in circumstances both as to the financial ability of the father and the increased needs of the children. Thus, the reasoning applied in Stanley v. Stanley, 1947, 158 Fla. 402, 28 So.2d 694, and used by this Court in Banks v. Graham, Fla. App. 1971, 252 So.2d 864, is met. This conclusion does not, standing alone, constitute a basis for reversal because it is firmly established that in ruling upon a motion to increase child support, the trial judge will not be reversed unless the appellate court reaches the conclusion that the ruling amounts to an abuse of discretion. See Cherney v. Cherney, Fla.App. 1962, 146 So.2d 914. We hold that the denial of the motion to increase child support amounted to an abuse of discretion in this case because it appears from the record that the court applied an inappropriate rule of law. It is apparent that the judge concluded that he ought not grant the increase because the agreement of the parties at the time of the dissolution contemplated that the father would make more money in a few years.
The agreement of the parties as to an appropriate amount to be paid for child support at a future time is a factor to be considered upon an application to modify the amount of child support because it shows an estimate of the parties concerned. *190 However, it is in no instance a bar to a modification otherwise appropriate under the statutory admonition "to make [such] orders as equity requires." See Fla. Stat. § 61.14. The greatest consideration must always be given to the needs of the children and the ability of the parents to supply those needs.
In considering the amount of the increase called for by the needs of the children and the ability of the parents, we are mindful that the statute places a duty upon each parent to contribute to the support of the children. See Fla. Stat. § 61.13. But it does not follow that the contribution of each parent must be in the exact amount of cash or its equivalent. Here again the needs of the children and the ability of the parent to supply those needs are to be considered.
In the present instance, the mother is able to use her talents and abilities to be a homemaker because she and her husband have agreed to this division of the family endeavors. The housekeeping by the mother is a part of the support of the children. It cannot be denied that if she were unwilling or unable to expend the effort to provide a home, as distinguished from housing and food, it would cost money to attempt to provide an acceptable substitute for this care.
We specifically reject the contention of the appellant that because the children are two of five persons enjoying the benefits of the house provided by the mother and her present husband that, therefore, the father should be charged with 40% of the costs of maintaining the home. These matters are not susceptible to a reduction to a mathematical formula.
We reach the conclusion that the needs of the children and the ability of the father call for an increase in the child support provided by the agreement of the parties. In order to prevent further protracted litigation and in the best interest of the parties, we have determined from this record that the amount of the child support to be paid by the appellee father should be increased from $300.00 for the two children to $500.00 per month. We direct that the trial court enter an order increasing the amount of child support to that amount and that the increase be made retroactive to the due date of the first payment due after the filing of the petition for modification.
Reversed and remanded with directions.
NOTES
[1] Fla. Stat. § 61.14.
[2] "THE COURT: I think that is a change. I do not think there is any argument with that. * * * Give me what law you think will be helpful and I will touch bases with you on Thursday."